# EXHIBIT 3



Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800 / Chicago, IL 60601 USA
Tel: 312.527.4000 / Fax: 312.527.4011
www.taftlaw.com

DANIEL R. SAEEDI
Direct: (312) 840-4308
E-mail: dsaeedi@taftlaw.com

September 2, 2022

VIA EMAIL

Cory Moore
Moore1cw@gmail.com

Re:  Cease & Desist Wrongful Interference with Customer Relationships

Dear Mr. Moore:

Taft Stettinius & Hollister LLP represents Frost Solutions, LLC ("Frost Solutions"), which is the purchaser or, and successor in interest to, your former employer Frost Control Systems, Inc. ("Frost Control"). I am writing this letter on behalf of Frost Solutions to remind you of your obligations under your employment agreement and demand that you cease and desist from engaging in any unlawful interference with Frost Solutions' customer relationships. If you fail to comply with the terms of this letter, Frost Solutions will be forced to seek legal relief against you in a court of law to enjoin you from further causing it harm.

### Contractual Obligations Under FHC Employment Agreement

As you are aware, you were hired by Frost Control as the Director of Sales. As part of your employment, and as a condition for receiving access to confidential information of Frost Control, you signed a Confidential Information and Invention Assignment Agreement ("Agreement"). The Agreement required that you refrain from using or disclosing the confidential information of Frost Control without authorization. The Agreement also contained reasonable non-solicitation clauses, which required, among other things, that you refrain from directly or indirectly soliciting any of the Company's clients or otherwise influencing them to direct any purchases of products or services away from the Company.

Upon signing the Agreement, you were then provided with a significant amount of confidential information of clients and other non-public and proprietary business information. This information allowed you to essentially have at your access the playbook of Frost Control, both from a business strategy and client list perspective. As the Director of Sales, you

74744482v1

**EXHIBIT 3**

communicated with a variety of clients and also received confidential information relating to them. This included a client named Tapco, with whom Frost Control conducted extensive sales.

You subsequently resigned from Frost Control upon learning of its acquisition by Frost Solutions. Shortly thereafter, you accepted the position of "National Account Executive" with Tapco. We have reason to believe that you have been directly involved in interfering with Frost Solutions' business relationship with Tapco, and have played a role in helping divert this account to a competitor of Frost Solutions, which was formed illegally by the former leadership of Frost Control, in violation of their contractual commitments. Please be aware that Frost Solutions is conducting an investigation as to your role for Tapco, your relationship with the competitive entity comprised of former Frost Control principals, and the potential misappropriation of Frost Solutions' trade secrets. Frost Control has no issue with Tapco, but will enforce its contractual rights against you if forced to do so. Frost Control reserves all rights.

In order to avoid further escalation of this matter, and in order to maintain Frost Solutions' relationship with Tapco, Frost Solutions demands that you immediately cease playing any role that interferes with the business between Frost Solutions and Tapco, including any diversion of business to an unlawfully-formed entity.

Frost Solutions also demands that you take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, and other data, wherever located and regardless of the format or media. This instruction also applies to anyone acting in concert with you, and you are directed to advise them accordingly. Be forewarned that purposeful destruction of such evidence could result in penalties, including legal sanctions.

If you have any further questions, please give me a call. Thank you in advance for your time and attention to this very serious matter.

    Very truly yours,

    TAFT STETTINIUS & HOLLISTER LLP

    Daniel R. Saeedi

Eric Stangel
eric@tapconet.com

74744482v1