# EXHIBIT 15

# KONICEK & DILLON P.C.
Trial Attorneys

Amir Tahmassebi – Partner – amir@konicekdillonlaw.com

March 6, 2024

*Via Email*
Christie B. Carrino
Ccarrino@gklaw.com
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202

Re: Frost Solutions, LLC v. Cory Moore (1:22-cv-06910)

Dear Ms. Carrino:

Please allow this letter to address your letter of February 9, 2024.

### Interrogatories

Interrogatory No. 1: The spreadsheet referenced in this answer is the current damage amount. It is subject to modification through discovery and an expert opinion.

Interrogatory No. 3: You state that we do not itemize damages by each customer. This is incorrect. The spreadsheet produced does itemize by each customer so we do not understand the issue here.

Interrogatory Nos. 7 and 8: We disagree that the answers are insufficient. The answers reference specific trade secrets that were believed to be utilized by Mr. Moore to solicit customers. Upon your production of Mr. Moore's correspondence with customers, we will further develop the specifics of the misappropriation.

Interrogatory No. 4: You have requested the resignation dates for Mr. Baglien and Mr. Lareau in order to cure this answer. Mr. Baglien resigned on October 20, 2021 and Mr. Lareau on October 30, 2021. See the attached resignation letters/separation agreements.

Interrogatory No. 5: The following employees resigned after October 1, 2021:
Christopher Lareau;
Patrick Baglien;
Kristin Geldhoff;
James Anderson;
Mario Bonardi;

Geneva: 21 W. State Street, Geneva, IL 60134   Chicago: 70 W. Madison Street, Suite 2060, Chicago, IL 60602
Phone: (630) 262-9655    Fax: (630) 262-9659    www.konicekdillonlaw.com

Cahristie B. Carrino
March 6, 2024
Page 2

Sai Krishna Prabhala;
Tasha Weidler;
Scott Banks;
Cory Moore;
Ryan Dowling;
Shannon Thomas;
Victor Gill;
John Miller; and
Kyle Lovejoy.

Interrogatory Nos. 6 and 9: We believe the answers to these interrogatories are sufficient.

Interrogatory No. 11: You have requested the job titles of Mr. Fallon, Mr. Maffretone and Mr. Kreager in order to cure this answer. They are as follows: Mr. Fallon was an intern. Mr. Maffetone was Sr. Software Engineer. Mr. Kreager was a Chief Executive Officer.

**Requests for Production**

Request No. 1: It appears your only concern with the documents produced was whether they were complete. Frost has produced the only documentation it could locate after a diligent search.

Request No. 2: Frost is producing the resignation letters. See attached.

Request No. 3 and 7: Frost stands on its objections.

Request Nos. 4 and 9: Frost believes it has sufficiently produced documents responsive to these requests.

Request No. 10: Frost will bates-stamp the documents noted in your letter. The remainder of the issues do not appear to be a failure to produce but rather a misunderstanding of the production. We would like to discuss those issues.

Request Nos. 11, 13, 17, 19, 23, 24 and 26: Frost stands on its production and any objections thereto.

Request No. 25: Frost stands on its objection.

Finally, Frost has gone to great efforts and exerted a lot of time to produce documents in an orderly fashion. A separate folder was created for the majority of each request so that you could easily access and decipher, which documents are responsive to which request. As you know, this is something you have not done and we are addressing that in our Rule 37 discussions with you. However, in the interest of both the discovery process and judicial economy, we would expect

Cahristie B. Carrino
March 6, 2024
Page 3

that when you supplement your production you do it in an orderly fashion and hold yourself to the same standards to which you are holding us.

We note that a good portion of the issues seek confirmation of certain interrogatories and production requests. The rules provide for certificates of compliance and completion. To the extent you seek additional confirmation we do not believe this is proper in most (but maybe not all) instances. We would hope that before engaging in motion practice you will carefully consider the responses herein and contact us so we can continue to resolve our discovery disputes without court intervention.

The depositions in this matter are not going to be noticed until June 4, 2024 by agreement so there is ample time for both parties to comply with discovery.

Sincerely,
KONICEK & DILLON, P.C.

Amir R. Tahmassebi

ART/sj
Enclosures