**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FROST SOLUTIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:22-cv-06910 |
| | ) | JURY DEMANDED |
| CORY MOORE, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL

1.     The central allegations of this matter allege that the Defendant breached his contract by using confidential information and trade secrets to solicit Plaintiff's customers after his departure.  The Defendant is currently an employee of TAPCO and sells a product similar to the Plaintiff's.

2.     Plaintiff issued written discovery on September 27, 2023.

3.     The Defendants responded and produced documents by December 22, 2023.

4.     Plaintiff requested a meet and confer and the Defendant requested that the Plaintiff outline their concerns in writing.  On February 19, 2024, Plaintiff sent an email to the Defendant outlining the deficiencies.  (**Ex. 1**, 2/19/24 Email).

5.     Defendant responded on March 5, 2024.  (**Ex. 2**, March 5, 2024 Email).

6.     Defendant has not agreed to amend its discovery responses or produce any additional documents beyond the 299 pages it has to date.

7.     A number of Plaintiff's requests seek correspondence from the Defendant while he was an employee at TAPCO relating to various matters:

> **REQUEST NO. 6:** Any correspondence with either TAPCO, LLC or VIASALA OYJ concerning customers or former customers of Plaintiff from 2021 to present.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case it that it requires Moore to produce documents that relate to customers or former customers of Frost Solutions, LLC, regardless of whether Moore knew or knows any given client were/are a previous/current Frost Solutions, LLC customer, which he does not. Moore cannot search for and produce correspondence pertaining to subject matter that he knows nothing about. Furthermore, this request seeks correspondence that was sent or received while Moore was still an employee of Frost Control Systems and such correspondence is wholly unrelated the claims and defenses in this action. Moore further objects to this request as vague and overly broad in that it does not identify the other party to the communication. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody, or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and following a reasonable search, between Moore and TAPCO or Viasala between March 22, 2022 and December 7, 2022, that concern the following customers which he believes were former customers of Frost Control Systems: Concord, MA; Cheyenne, WY; Larimer County, CO; Washington County, MN; and Dublin, OH. Furthermore, Moore will only produce such documents that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

**REQUEST NO. 7:** Any correspondence with customers or former customers of Plaintiff from 2021 to present.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case it that it requires Moore to produce documents that relate to customers or former customers of Frost Solutions, LLC, regardless of whether Moore knew or knows any given client were/are a previous/current Frost Solutions, LLC customer, which he does not. Moore cannot search for and produce correspondence pertaining to subject matter that he knows nothing about. Furthermore, this request seeks correspondence that was sent or received while Moore was still an employee of Frost Control Systems and such

correspondence is wholly unrelated the claims and defenses in this action. Moore further objects to this request as vague and overly broad in that it does not identify the other party to the communication. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody, or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and following a reasonable search, between March 22, 2022 and December 7, 2022 between Moore and the following customers which he believes were former customers of Frost Control Systems: Concord, MA; Cheyenne, WY; Larimer County, CO; Washington County, MN; and Dublin, OH. Furthermore, Moore will only produce such documents that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

**REQUEST NO. 8:** Any correspondence with anyone from VUE ROBOTICS, INC. including but not limited to Patrick Baglien and/or Chris Lareau from January 2022 to present.

**RESPONSE:** Moore objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests Moore to identify "any correspondence" with any individual at Vue regardless of subject matter and without regard to whether such correspondence is in Moore's possession, custody or control. Moore further objects to this request in that the time period at issue, January 2022 to the present seeks information beyond the scope of any time period of the alleged restrictive covenants that Plaintiff believes are at issue in this case. Moore further objects to this request in that it does not state the other party to the correspondence. Moore further objects to the extent this request seeks information that is in the possession, custody, or control of another entity and to the extent that it seeks Moore to identify correspondence that is protected by a confidentiality provision. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and

following a reasonable search, between Moore and Patrick Baglien or Chris Lareau between March 22, 2022 and December 7, 2022, that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

(**Ex. 3**, Plt.'s. Production Requests No. 6, 7 and 8).

8.      The Defendant has taken the position that any emails written by the Defendant while at TAPCO are not in his "possession, custody or control.  He has no ability or authority to produce them."  (**Ex. 4**, Krieter Email of March 6, 2024).

9.      Certainly, the Defendant, as a current employee of TAPCO, has access to the emails sent while at TAPCO.  The Defendant wrote and received the emails sought and whether he did so on his personal domain or a TAPCO domain does not take them out of his possession or control.

10.      Notably, TAPCO has already participated in this litigation albeit a settlement conference.

11.      Plaintiff requests that any responsive emails to the Plaintiff's production requests 6, 7 and 8 written by the Defendant on his TAPCO email account be produced.  This goes to the heart of the allegations that while the Defendant was at TAPCO he used confidential information and protected information to solicit customers.

12.      Plaintiff also requests that this Court compel a response to its production request No. 5.  Production Request 5 states:

> **REQUEST NO. 5:** All documents evidencing any commissions you received from 2021 to present.

4

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests "all" documents evidencing "any" commissions Moore received from 2021 to the present, without regard to for example the party from whom Moore obtained those commissions or the products sold relating to those commissions. Thus, this request is disproportionate to the needs of the case not only in that it would require Moore to provide documents containing duplicative information, but would also include information regarding commissions that have no bearing on the claims or defenses in this action. Information about Mr. Moore's commissions relating to any sale over an almost three-year period is irrelevant to whether he misappropriated any trade secrets or confidential information. Moore further objects to the extent this request seeks documents are in the possession, custody or control of a third party, such as TAPCO. Moore further objects to the extent this request seeks documents containing any proprietary or confidential information. Moore further objects to the extent this request seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Moore stands on his objections.

13.     The commission the Defendant received is relevant to damages Plaintiff is seeking. If the Defendant received commissions on customers it took from Frost by virtue of the use of confidential information or trade secrets the Plaintiff is entitled to know the amount of those commissions as they may otherwise have been due to the Plaintiff.

WHEREFORE, the Plaintiff, FROST SOLUTIONS, LLC, respectfully requests that this Honorable Court enter an Order requiring the Defendants to (1) produce the correspondence requested in Plaintiff's Production Request 6, 7 and 8 and (2) produce the documents requested in Plaintiff's Production Request 5.

Amir R. Tahmassebi (6287787)                          Respectfully submitted,
KONICEK & DILLON, P.C.
70 W. Madison St., Suite 2060
Chicago, IL 60602                                             /s/ Amir R. Tahmassebi
(T) 630.262.9655                                              Attorney for Plaintiff
amir@konicekdillonlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **March 22, 2024**, I electronically filed the foregoing **PLAINTIFF'S MOTION TO COMPEL** using this Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Amir R. Tahmassebi