# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC, | |
| Plaintiff, | CASE NO.: 1:22-CV-06910 |
| vs. | Hon. J. Martha M. Pacold |
| CORY MOORE, | Hon. Mag. J. Jeffrey T. Gilbert |
| Defendant. | Jury Demanded |

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION</u>**

Defendant, Cory Moore, by and through his attorneys, Godfrey & Kahn, S.C., hereby responds to Plaintiff's Request for Production as follows, reserving the right to supplement or amend these responses and objections:

**Objections to Definitions and Instructions**

1. Moore objects to Instruction C as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it would require Moore to label documents to correspond with the particular requests. There is no obligation under the Federal or Local Rules to do so, and requiring production in this manner would be an undue use of time in that the issues in this litigation are not broad and documents responsive to one request are likely to be responsive to other requests. Moore will produce documents with Bates Labels, but will otherwise stands on it's objections relating to this instruction.

2. Moore objects to the definition of the term "Plaintiff" in that it purports to encompass Frost Solutions, LLC, Frost Control Systems, and Frost Technology collectively. Only Frost Solutions, LLC is a party to this case. Moreover, those entities are distinct from one another for purposes of this lawsuit in that Moore was only employed by Frost Control Systems

("Frost Control") and Frost Solutions, LLC ("Frost Solutions") has made no showing that it is entitled to pursue claims related to Frost Control's trade secrets, confidential information, or any other claims Frost Control may have had against Moore. Moore uses the term Plaintiff to refer only to the distinct entity Frost Solutions, LLC.

      3.      Moore objects to the definition of "document" as overly broad, unduly burdensome, and disproportionate to the needs of the case and beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure in that it contains a host of irrelevant and dated types of media. Moore will interpret the term in the course of its ordinary meaning and within the scope of the Federal Rules of Civil Procedure.

      4.      Moore objects to the definition of communication as overly broad, unduly burdensome, and disproportionate to the needs of the case and will interpret the term to exclude communication via text messages.

      5.      Moore objects to the definitions of "identify" and "identification" as it relates to both people and documents as overly broad, unduly burdensome and disproportionate to the needs of the case it that it would require Moore to research and provide information for which it is no more difficult for plaintiff to obtain. With regard to persons, Moore will identify name, and where appropriate, employment affiliation. With regard to documents, Moore will produce such documents (subject to any particularized objections found in any particular interrogatory response) but will not otherwise provide information and will not produce information beyond what is available on the face of the document.

      6.      Moore objects to the definition of the term "Trade Secrets" in that it states without basi s that such trade secrets are those belonging to Frost Solutions, LLC, which is a distinct entity with which Moore was not involved and by which Moore was not employed. Moore further objects to this definition in that it is categorical in nature and does nothing to identify the actual purported

2

trade secrets at issue. Moore further objects to this definition in that in includes categories of information which are not trade secrets such as the identity of current, former, or prospective customers, especially in the context of this case in which customers are public governmental entities.

7. Moore objects to the definition of the term "Frost Solutions, LLC" as encompassing Frost Control Systems, Frost Technology and any other names that Frost Solutions LLC has used. This definition contradicts the allegation in the Amended Complaint that Frost Solutions LLC purchased Frost Control. As such these entites are all distinct entities that were legal entities at different times during the relevant time period in this case. Further, Moore was only employed by Frost Control and was never employed by or affiliated with Frost Solutions. Moreover, Frost Solutions has made no showing, beyond the allegations in the complaint, that it is entitled to pursue claims related to Frost Control's trade secrets, confidential information, or any other claims Frost Control may have had against Moore. As such, those entitles must remain distinct, and Moore refers to them distinctly throughout his responses.

8. Moore objects to the definition of the term "Confidentiality Agreement" in that refers to a document titled "Confidential and Invention Assignment Agreement" which is not an agreement Moore is aware of. Moore further objects in that this definition states a legal conclusion that Moore adopted and accepted the Confidential and Invention Assignment Agreement, and that this agreement was extended by Frost Solutions.

**Responses and Objections to Requests**

**REQUEST NO. 1:** All documents referred to or relied upon in answering Plaintiff's Complaint; all documents referred to or relied upon in answering the Plaintiff's interrogatories; and all documents identified in your responses to Plaintiff's Interrogatories.

**RESPONSE:** Moore objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests "all" documents referred to or relied

3

upon in answering the Complaint or the interrogatories. Moore has filed a motion to dismiss the Complaint and has not filed an answer. Furthermore, this request would require the production of documents whether or not Moore cursorily reviewed a portion of the document to answer the Complaint or the Interrogatories. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody or control of a third party such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce any non-privileged document responsive to this request that is in his possession that is independently responsive to any of the subsequent document requests, if Moore does not object to producing such document as part of his responses to those subsequent requests. Moore otherwise stands on his objections.

**REQUEST NO. 2:** All correspondence relating to the Defendant and/or Plaintiff, including but not limited to all correspondence with any witness in this case.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case because it requests "all" correspondence relating to Plaintiff or Defendant unbounded by time or subject matter. To comply with this request would require Moore to produce multitudes of irrelevant documents that have absolutely no bearing on any of the claims and defenses of this case. Moore further objects to this request as duplicative of the other documents requests, including but not limited to requests 6-8, and 12. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody, or control of a

4

third party, such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Moore stands on his objections.

**REQUEST NO. 3:** All exhibits you intend to use in a deposition in this matter, to be produced before the deposition at which the exhibit(s) is/are to be used.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case and outside the scope and obligations of discovery pursuant to the Federal Rules of Civil Procedure and local rules of this court. There is nothing in the rules that requires a party to disclose deposition exhibits ahead of time and the disclosure of such documents ahead of time could jeopardize any deposition that Moore notices. Furthermore, no depositions have been noticed, and Plaintiffs have not produced any documents in discovery in this action. For Moore to identify and produce such documents now would be impossible.

Moore stands on his objections.

**REQUEST NO. 4:** All exhibits you intend to use at the trial of this matter.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case and outside the scope and obligations of discovery pursuant to the Federal Rules of Civil Procedure and local rules of this court. There is nothing in the rules that requires a party to disclose trial exhibits during discovery and prior to the deadline to disclose such exhibits as part of the court's scheduling order or pretrial procedures.

Subject to and without waiving the foregoing objections, Moore will comply with the Federal Rules, local rules and any scheduling order with regard to the exchange of exhibits as part of the final pretrial conference or final pretrial procedures, but otherwise stands on his objections.

**REQUEST NO. 5:** All documents evidencing any commissions you received from 2021 to present.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests "all" documents evidencing "any" commissions Moore received from 2021 to the present, without regard to for example the party from whom Moore obtained those commissions or the products sold relating to those commissions. Thus, this request is disproportionate to the needs of the case not only in that it would require Moore to provide documents containing duplicative information, but would also include information regarding commissions that have no bearing on the claims or defenses in this action. Information about Mr. Moore's commissions relating to any sale over an almost three-year period is irrelevant to whether he misappropriated any trade secrets or confidential information. Moore further objects to the extent this request seeks documents are in the possession, custody or control of a third party, such as TAPCO. Moore further objects to the extent this request seeks documents containing any proprietary or confidential information. Moore further objects to the extent this request seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Moore stands on his objections.

**REQUEST NO. 6:** Any correspondence with either TAPCO, LLC or VIASALA OYJ concerning customers or former customers of Plaintiff from 2021 to present.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case it that it requires Moore to produce documents that relate to customers or former customers of Frost Solutions, LLC, regardless of whether Moore knew or knows any given client were/are a previous/current Frost Solutions, LLC customer, which he does not. Moore cannot search for and produce correspondence pertaining to subject matter that he knows nothing about. Furthermore, this request seeks correspondence that was sent or received

while Moore was still an employee of Frost Control Systems and such correspondence is wholly unrelated the claims and defenses in this action. Moore further objects to this request as vague and overly broad in that it does not identify the other party to the communication. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody, or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and following a reasonable search, between Moore and TAPCO or Viasala between March 22, 2022 and December 7, 2022, that concern the following customers which he believes were former customers of Frost Control Systems: Concord, MA; Cheyenne, WY; Larimer County, CO; Washington County, MN; and Dublin, OH. Furthermore, Moore will only produce such documents that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

**REQUEST NO. 7:** Any correspondence with customers or former customers of Plaintiff from 2021 to present.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case it that it requires Moore to produce documents that relate to customers or former customers of Frost Solutions, LLC, regardless of whether Moore knew or

7

knows any given client were/are a previous/current Frost Solutions, LLC customer, which he does not. Moore cannot search for and produce correspondence pertaining to subject matter that he knows nothing about. Furthermore, this request seeks correspondence that was sent or received while Moore was still an employee of Frost Control Systems and such correspondence is wholly unrelated the claims and defenses in this action. Moore further objects to this request as vague and overly broad in that it does not identify the other party to the communication. Moore further incorporates his objection to the term "Plaintiff" above as if fully set forth herein. Moore further objects to this request to the extent it seeks documents in the possession, custody, or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks any confidential or proprietary information. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and following a reasonable search, between March 22, 2022 and December 7, 2022 between Moore and the following customers which he believes were former customers of Frost Control Systems: Concord, MA; Cheyenne, WY; Larimer County, CO; Washington County, MN; and Dublin, OH. Furthermore, Moore will only produce such documents that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

8

**REQUEST NO. 8:** Any correspondence with anyone from VUE ROBOTICS, INC. including but not limited to Patrick Baglien and/or Chris Lareau from January 2022 to present.

**RESPONSE:** Moore objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests Moore to identify "any correspondence" with any individual at Vue regardless of subject matter and without regard to whether such correspondence is in Moore's possession, custody or control. Moore further objects to this request in that the time period at issue, January 2022 to the present seeks information beyond the scope of any time period of the alleged restrictive covenants that Plaintiff believes are at issue in this case. Moore further objects to this request in that it does not state the other party to the correspondence. Moore further objects to the extent this request seeks information that is in the possession, custody, or control of another entity and to the extent that it seeks Moore to identify correspondence that is protected by a confidentiality provision. Moore further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, Moore will produce email correspondence responsive to this request, to the extent they exist and following a reasonable search, between Moore and Patrick Baglien or Chris Lareau between March 22, 2022 and December 7, 2022, that are in Moore's, rather than TAPCO or another third party's, possession, following the entry of an agreed protective order in this case that would govern the use of the parties' confidential documents produced in this litigation. Moore will not search for or produce documents sent to or received by his TAPCO email address. Moore otherwise stands on his objections.

**REQUEST NO. 9:** Any confidentiality agreement that you entered into with TAPCO, LLC whether as a condition of your employment or otherwise.

**RESPONSE:** Moore objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks irrelevant documents that are not tied to any of the claims or defenses in this lawsuit. Whether Moore signed any type of agreement with TAPCO in conjunction with his employment has no bearing on whether Moore misappropriate trade secrets or other confidential information from Frost Solutions, whether there are any valid restrictive covenants at issue in this litigation, or whether Moore engaged in any wrongdoing. Moore further objects to this Request as vague because it uses the term confidentiality agreement, which is a defined term pertaining to the document entitled "Confidential Information and Invention Assignment Agreement," which is an agreement between Moore and Frost Control. How TAPCO could require Moore to sign such agreement is unclear.

Moore stands on his objections.

**REQUEST NO. 10:** All communications, records or documents that establish TAPCO LLC'S knowledge or use of Frost Solutions, LLC's trade secrets, including existing or deleted computer files.

**RESPONSE:** Moore objects to this Request as overly broad, unduly burdensome and disproportionate to the case in that it requires Moore to search for and produce "any" communications, records or documents that establish TAPCO's knowledge or use of Frost Solutions, LLC's trade secrets, including existing or deleted computer files. Such request is completely outside of Moore's knowledge and would require Moore to speculate on what is within TAPCO's, a non-party's, knowledge. Moore further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, and vague in that it requires Moore to guess what trade secrets Plaintiff is referring to and what constitutes "customer lists and information," which is an impossible task. While the term Trade Secrets is defined, Plaintiff does not use

10

capitalized terminology here or otherwise state what it's trade secrets are deemed to be for purposes of this Interrogatory. Further, if Moore were to assume Plaintiff means Trade Secrets as defined by the Requests, Moore has objected to that definition, above, and incorporates that objection as if fully set forth in this response. Moore further incorporates it objection to the definition of Frost Solutions, LLC, above as if fully set forth herein. Moore further objects to this Request in that Frost Solutions has done nothing to prove or demonstrate that any trade secrets, or Trade Secrets, of Frost Control's, to the extent they ever existed, were transferred to Frost Solutions such that Frost Solutions now owns those trade secrets. Moore further objects because Frost Solutions has done nothing more than make conclusory allegations as to the existence of trade secrets and general categories of trade secrets without further alerting Moore in a pleading or in discovery the actual items that constitute trade secrets and that Moore purportedly misappropriated. Moore will not guess as to what these items are and does not believe any trade secrets exist. Moore further objects to the extent this Request seeks documents in the possession, custody or control of a third party, such as TAPCO. Moore further objects to the extent this Request seeks confidential or proprietary information. Moore further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Moore stands on his objections.

**REQUEST NO. 11**: Any indemnification agreement offered by or entered into with TAPCO, LLC concerning claims arising from breach of restrictive covenants or trade secret violations.

**RESPONSE**: Moore objects to this Request as overly broad, unduly burdensome and disproportionate to the needs of the case in that it seeks irrelevant information – whether TAPCO has offered to, did, or does indemnify Moore regarding breach of restrictive covenants or trade

11

secret violations and/or has reduced such understanding to writing has no bearing on the claims or defenses in this action. Such request is outside the scope of discovery.

Moore stands on his objections.

**REQUEST NO. 12**: Any and all records, writings, notes, and/or e-mails memorializing any communications you have made, or you have had with any entity or person or third party, other than your attorneys, concerning the allegations in Plaintiff's Complaint.

**RESPONSE**: Moore objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case as requiring "any and all" records, writings, notes and/or emails memorializing any communications Moore has made with anyone other than attorneys concerning the allegations in the complaint. Moore further objects to this Request to the extent it seeks documents in the possession, custody or control of a third party, such as TAPCO. Moore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection or documents including communications that were made at the instruction of counsel or in anticipation of litigation.

Moore stands on his objections.

**REQUEST NO. 13**: Any and all statements, reports, records, correspondence, documents or tangible items which you, your attorneys or your investigators provided to any person whom you intend to call as an expert witness at the trial of this case.

**RESPONSE**: Moore objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case and violative of the Federal Rules of Civil Procedure and local rules of this court to the extent it requests Moore to comply with obligations beyond what is required under the Federal Rules of Civil Procedure and local rules of this court pertaining to expert discovery. Moore further objects to this request as premature as the case is in its infancy, a motion to dismiss is still pending, and fact discovery is only beginning. Moore further objects to the extent this request seeks documents provided to a non-testifying expert or are otherwise

protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing, Moore will comply with his obligations regarding expert discovery only as required by the Federal Rules or local rules of this Court. Moore otherwise stands on his objections.

**REQUEST NO. 14**: All notes, memorandum, summaries or other documents created or generated involving any of the facts and/or allegations as set forth in the Complaint.

**RESPONSE**: Moore objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case as requiring "all" notes, memorandum, summaries or other documents concerning the facts or allegations in the complaint. Moore further objects to this Request to the extent it seeks documents in the possession, custody or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks confidential or proprietary information. Moore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection or documents including communications that were made at the instruction of counsel or in anticipation of litigation.

Moore stands on his objections.

**REQUEST NO. 15**: All other documents not specifically requested herein that are relevant to the facts and/or allegations as set forth in the Complaint.

**RESPONSE**: Moore objects to this request as overly broad, unduly burdensome and disproportionate to the needs of the case and impermissibly vague as requiring "all other documents" not specifically requested that are relevant to the facts or allegations in the complaint. Moore will not and cannot undertake a search of documents based on such a broad request or understand what documents plaintiff seeks as part of this request. Moore further objects to this Request to the extent it seeks documents in the possession, custody or control of a third party, such

as TAPCO. Moore further objects to this request to the extent it seeks confidential or proprietary information. Moore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Moore stands on his objections.

**REQUEST NO. 16**: A complete copy of any electronic files related to the facts and/or allegations as set forth in the answer to Plaintiff's complaint.

**RESPONSE**: Moore objects to this request as vague in that it is unclear to what Plaintiff is referring what it requests "a complete copy of any electronic files" related to the facts or allegations in the complaint. Moore further objects to this Request to the extent it seeks documents in the possession, custody or control of a third party, such as TAPCO. Moore further objects to this request to the extent it seeks confidential or proprietary information. Moore further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any other privilege or protection.

Subject to and without waiving the foregoing objections, to the extent Plaintiff is referring to ESI, Moore's search for and production of documents responsive to the other requests contained herein (subject to his agreement to search for and produce any particular categories of documents over his objections and the parameters of what Moore has stated will be produced) will include electronically stored information. Moore otherwise stands on his objections.

**REQUEST NO. 17**: A privilege log of all documents withheld.

**RESPONSE**: Moore objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case it that this request does not seem to be limited to documents withheld on the basis of the attorney client privilege or work product doctrine. Further, this request would seek Moore to log documents and communications created after the initiation of this lawsuit, which would implicate wide swaths of work product and attorney-client

14

communications, not even arguably discoverable by plaintiffs and would thus swallow the reason for a privilege log.

Subject to and without waiving the foregoing objections, Moore will produce a log of documents withheld on the basis of attorney-client privilege or work product doctrine that were created on or before December 7, 2022. He will not log documents that were created on or after the date plaintiff filed its complaint.

**REQUEST NO. 18**: An attestation and verification of compliance as set forth in the Illinois Supreme Court Rules.

**RESPONSE:** Moore objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case and outside the scope of discovery under the Federal Rules of Civil Procedure and local rules of this court. What is required under Illinois State procedure has no bearing on what is required under the Federal Rules of Civil Procedure or local rules of this court.

Moore stands on his objections.

Dated this 13th day of November, 2023.   Respectfully submitted,

By: ____/s/ Christie B. Carrino_____
Erik J. Ives
Fox Swibel Levin & Carroll LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
312-224-1200
eives@foxswibel.com

Maria L. Kreiter
Christie B. Carrino
Admitted *pro hac vice*
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
414-273-3500
mkreiter@gklaw.com
ccarrino@gklaw.com

*Attorneys for Defendant Cory Moore*

30015615.2

15