IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC, | |
| Plaintiff, | CASE NO.: 1:22-CV-06910 |
| vs. | Hon. J. Martha M. Pacold |
| CORY MOORE, | Hon. Mag. J. Jeffrey T. Gilbert |
| Defendant. | Jury Demanded |

**DEFENDANT CORY MOORE'S RESPONSE TO
PLAINTIFF FROST SOLUTIONS, LLC'S MOTION TO COMPEL**

INTRODUCTION

Frost seems to be moving to compel only as a quid pro quo response to Moore's own motion to compel. Frost demands Moore produce documents of his employer, TAPCO, that Moore is not authorized to gather and produce. Frost was told just that. Governing Seventh Circuit case law makes clear Moore does not have an obligation to produce TAPCO's documents and Frost has provided no legal support for its motion. Nor is there basis to compel production of commission information because Frost did not meet and confer on that discovery request, the request is overbroad, and Moore did not earn commissions at TAPCO. The Court should deny Frost's motion to compel accordingly and award Moore his attorney's fees.

RELEVANT BACKGROUND

Moore resigned from Frost Control Systems Inc. ("Frost Control"), a predecessor of the Plaintiff Frost entity, on or around March 2022. (Amended Compl., ¶ 28, Dkt. 21). Moore later joined TAPCO in June 2022. TAPCO, Moore's employer, is not a party to this action. (*See* Compl., Dkt. 1; Amended Compl. Dkt., 21).

Moore filed a motion to dismiss all claims and, in response, Frost amended its complaint. Moore renewed his motion, which remains pending and is potentially dispositive of the case, which generally centers around allegations that Moore somehow used trade secrets to impermissibly solicit Frost clients.

Frost has not timely pursued the discovery issues it now claims warrant a motion to this Court. *Moore* requested a meet and confer on the glaring discovery deficiencies apparent from Frost's response to his discovery, with that meet and confer taking place on December 19, 2023 *at the request of Moore's counsel*. (Christie B. Carrino March 8, 2023 Decl., Dkt. 70 ("Carrino Decl.") ¶¶ 13-15 and Exs. 6-8.) Frost's counsel became unprofessional and combative, stating that he would refuse to meet and confer on Moore's request until Moore produced documents. (*Id*. ¶ 16). Due to Frost's counsel's belligerent behavior during the meet and confer (*see* Carrino Decl. Ex. 8, Dkt. 70-8), Moore invited Frost to outline any issues it had with Moore's responses and objections in writing. (Carrino Decl., Dkt. 70 ¶ 16.) It was not until two months later, February 19, 2024, that Frost sent an e-mail that alleged deficiencies associated with Moore's discovery. (Tahmassebi 2/19/24 e-mail, Dkt. 73-1.)

Moore responded in a March 5, 2024 e-mail. (Carrino 3/5/2024 e-mail, Dkt. 73-2). While Frost claims Moore has not agreed to amend its discovery responses or produce additional documents (Frost Mot. to Compel, Dkt. 73 ¶ 6), Frost did nothing to advance any of the alleged issues in its February 19, 2024 e-mail other than its demand that Moore produce documents belonging to TAPCO. That issue is now the focus of Frost's motion to compel.

Of note, after failing to respond to Moore's motion to compel by the March 25, 2024 deadline, Frost belatedly and unilaterally filed a motion to amend the briefing schedule on both parties' motions to compel, claiming there was a need to meet and confer in attempt to resolve

additional discovery disputes and without first showing his motion to Moore or securing his position on the motion. (Dkt. 74.) This motion was a surprise to Moore and appears to have been an attempt to get an extension on the deadline for Frost to respond to Moore's motion to compel, which Frost missed, without labeling the request as such to the Court. There was a subsequent meet and confer call on April 2, 2024, but that consisted of Frost's counsel simply asking if Moore was standing on his objection to produce TAPCO documents, which remains Moore's position (and Frost being unprepared to address further discovery issues raised by Moore).

ARGUMENT

I.  **Moore Is Not in the Possession, Custody, or Control of TAPCO's Documents and Cannot Be Compelled to Produce Such Documents (RFPs 6, 7, and 8).**

Frost's Request for Production numbers 6, 7, and 8 seek various forms of correspondence between Moore and third parties from as early as 2021 to the present. Moore objected to each request on multiple grounds, including that the requests seek information in the possession, custody, or control of another entity, TAPCO. (*See* Moore Resp. to Req. for Production, Dkt. 73-3.) Subject to his objections, Moore agreed to produce – and did produce – responsive documents in his personal possession within a limited date parameter. Moore, however, made it clear that he would not be producing responsive documents that are in the possession of a third party, such as TAPCO, because those documents are outside of Moore's possession, custody, or control. (*Id.*) Moore reiterated this position in a March 6, 2024 e-mail that stated "Regarding the Tapco emails, yes, those are not in Mr. Moore's possession, custody, or control. He has no ability or authorization to produce them." (*See* Maria L. Kreiter March 6, 2024 e-mail, attached as Ex. 1.)

Moore's objection is proper. "[T]he fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its

3

possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1427 (7th Cir. 1993). Whether a party is deemed to have possession, custody, or control of documents falls on whether the party has "the legal right to obtain the documents sought." *Robinson v. Moskus*, 491 F.Supp.3d 359, 361 (C.D. Ill. 2020). The party seeking production of documents bears the burden of establishing the opposing party's control over the documents. *Trustees of Chicago Regional Council of Carpenter Pension Fund v. Drive Construction, Inc.*, 2022 WL 2237621 *2 (N.D. Ill. 2022).

Frost's motion makes no attempt to satisfy its burden to establish that Moore has control over TAPCO owned documents. The motion should be denied for that reason alone. *See Burton Mechanical Contractors, Inc.*, 148 F.R.D. at 236 ("[Plaintiff] has come forward with no affidavits or other evidence to dispute [defendant's] assertion that he is not in possession or control and does not have the legal right to obtain the other documents which are in Isecki's possession.").

Instead, Frost argues that Moore has access to e-mails sent or received using his TAPCO email address. (Frost Mot. to Compel, Dkt. 73 ¶ 10.) That is irrelevant. The question is not whether Moore has access to the documents, but rather whether Moore has the legal right to obtain and produce the documents. *See Robinson*, 491 F.Supp.3d at 361. Moore has repeatedly been clear he does not. That Moore is an employee of TAPCO and has access to a TAPCO e-mail account does not mean that Moore has legal access to the e-mails in the TAPCO e-mail account. *See Robinson*, 491 F.Supp.3d at 364 ("[N]othing in the statute cited by [plaintiff] confers a right upon an IDOC employee to demand documents from the IDOC, his or her employer…"); *see also Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236

4

(N.D. Ind. 1992)("The requisite control, moreover, is not apparent from [defendant's] claimed status as an Isecki employee.").

Frost's only other argument is that TAPCO representatives attended the mediation. (Frost Mot. to Compel, Dkt. 73, ¶ 10.) No case law or other authority suggests that attending a mediation requires TAPCO to allow Moore — who is targeted as a defendant in litigation that does not involve TAPCO as a party — to search company systems and produce documents Moore determines are responsive to Frost's discovery served upon him alone. No case law is cited by Frost because none exists and instead the above authorities govern. Frost's motion is meritless and should be denied.

**II.     The Court Should Deny the Motion to Compel Regarding Request No. 5.**

Frost has also moved on its Request for Production No. 5, which broadly seeks all documents evidencing commissions received by Moore from 2021 to present. (Frost Mot. to Compel, Dkt. 73, ¶¶ 12-13.) Frost never raised Request No. 5 in its February 19, 2024 e-mail that identified alleged deficiencies associated with Moore's discovery responses. (*See* Dkt. 73-1.) Nor was Request No. 5 ever the subject of any subsequent meet and confer discussion regarding Moore's discovery responses, which entailed only the issue of Moore's authority to produce TAPCO documents, as discussed above. The Court should deny Frost's motion based on its failure to adhere to the meet and confer requirement.

In addition, Moore validly objected to Request No. 5 as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it requests "all" documents evidencing "any" commissions Moore received from 2021 to the present, without regard to, for example, the party from whom Moore obtained those commissions or the products sold relating to those commissions. (*See* Moore Resp. to Req. for Production, Dkt. 73-3.) As such, Moore

contended the request is disproportionate to the needs of the case not only in that it would require Moore to provide documents containing duplicative information but would also include information regarding commissions that have no bearing on the claims or defenses in this action. (*Id*.) Further, Moore objected that information about his commissions relating to any sale over an almost three-year period is irrelevant to whether he misappropriated any trade secrets or confidential information." (*See id*.)

These objections are proper. Request No. 5 seeks documents dating back to 2021, which includes Moore's employment at Frost Control, a predecessor to the plaintiff itself. Frost states in its motion that the commissions received by Moore are relevant to the damages it seeks because the commissions relate to the alleged use of Frost's confidential information or trade secrets. (Frost Mot. to Compel, Dkt. 73 ¶ 13). While Frost's theory of liability and damages is far from clear, what is clear is that commissions Moore may have received from Frost Control are not possibly relevant since it is Moore's post-resignation behavior that Frost contends was improper (and, in any event, documents regarding Moore's commissions while at Frost Control are presumably within Plaintiff's possession given that it is the successor to Frost Control).

Moreover, a party that proves trade secret misappropriation is entitled to recover damages based on "actual loss *caused by [the] misappropriation*." 765 ILCS 1065/4 § 4(a). Similarly, the Seventh Circuit has stated that damages must be proven and has differentiated between damages caused by lawful competition and damages that resulted from particular forms of misconduct allegedly committed by a competitor. *See Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 416 (7th Cir. 1992). Request No. 5 does not attempt to differentiate commissions earned by Moore because of misconduct (and thus relevant) and commissions earned that relate to products

6

and clients that have nothing to do with Frost. Moore's objections to the breadth of the request were appropriate for those reasons as well.

Further still, to the extent Frost's Request No. 5 seeks documents reflecting commissions Moore received from TAPCO, Moore does not and has not received commissions from TAPCO. As such, there are no responsive documents.

Frost's motion as to Request No. 5 should be denied for any and all of these reasons.

## **CONCLUSION**

The Court should deny Frost's Motion to Compel and award Moore the attorney's fees incurred in responding to the motion.

Dated this 5th day of April, 2024.  By: */s/Maria L. Kreiter*
Maria L. Kreiter, *admitted pro hac vice*
Christie B. Carrino, *admitted pro hac vice*
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
414-273-3500
mkreiter@gklaw.com
ccarrino@gklaw.com

Erik J. Ives
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
312-224-1200
eives@foxswibel.com

*Attorneys for Defendant Cory Moore*

7

30989781.3