UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FROST SOLUTIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:22-cv-06910 |
| | ) | JURY DEMANDED |
| CORY MOORE, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

1. Defendant first takes issue with Plaintiff's answers to interrogatories 3, 7, 8, 9 and request for production number 24. As it relates to interrogatory number 3, Plaintiff cannot know what specific trade secrets were disclosed to each individual customer without further discovery on the Defendant's communication with those customers, which is the subject of Plaintiff's motion to compel. Plaintiff does know by the Defendant's admissions and discussion with customers that the Defendant likely disclosed information about the Plaintiff that would otherwise be protected. However, discovery from Moore and third parties is needed to give more specific information about what was disclosed. As it related to interrogatory 7, 8 and 9, Plaintiff has identified the trade secrets at issue and the basis for the allegations referenced. They are bullet pointed in the Plaintiff's supplemental answers. (Ex. 1, Plaintiff's Supplemental Answers to Defendant's Interrogatories, 1/19/24). Finally, request for production number 24 has been responded to with lost customers and the basis for losing those customers has been identified as Moore's improper actions.

2. Next, the Defendant takes issue with Plaintiff's response to interrogatory number 5 and request for production number 2. Defendant's position here is confusing as Plaintiff did

1

respond giving the resignation dates for Baglien and Larue and the other employees that resigned after October 1, 2021. Apparently, the Defendant now wants to expand its request seeking the exact resignation dates for all other employees. The fact that the employees resigned after October 1, 2021 should be sufficient and the exact date of resignation seems immaterial for the defense as it relates to the other employees identified who had no significant management role with the Plaintiff.

3. Defendant then takes issue with Plaintiff's answers to interrogatory number 6 and request for production number 23 that both requests support that Moore received an economic benefit. Plaintiff sets forth in detail the customers lost due to Moore's alleged actions and that any customer that left the Plaintiff and went to Moore's company evidences an economic benefit. This should be sufficient to show Moore's economic benefit.

4. As it relates to interrogatory number 3 and production request number 7, Plaintiff does not see how any information relating to the acquisition of Frost is likely to lead to the discovery of any admissible evidence. Plaintiff's claims relate to the Defendant's actions after the acquisition. To seek information regarding the acquisition itself amounts to a fishing expedition.

5. Defendant takes issue with Plaintiff's response to request for production number 8. Plaintiff has produced all information it has relating to the customer complaints. This company was acquired by Plaintiff's current owners and they have made significant efforts to search all databases.

6. Regarding requests 11 and 22, Plaintiff has produced all documents in its possession relating to the measures to safeguard its trade secrets and responded to the interrogatory outlining the measures taken. Plaintiff has no further information at this time.

7. Addressing production request number 19, Plaintiff has produced all documents in its possession relating to the Defendant's compensation while working for the Plaintiff. Not only do they have nothing further to produce, the Defendant should have any documents relating to his compensation in his own possession.

8. Finally, request to produce number 25 as stated undoubtedly would invade the attorney-client privilege. Plaintiff stands by its objection and requests this Court deny any relief.

WHEREFORE, the Plaintiff, FROST SOLUTIONS, LLC, respectfully requests that this Honorable Court deny Defendant's Motion to Compel.

| | |
|---|---|
| Amir R. Tahmassebi (6287787)<br>KONICEK & DILLON, P.C.<br>70 W. Madison St., Suite 2060<br>Chicago, IL 60602<br>(T) 630.262.9655<br>amir@konicekdillonlaw.com | Respectfully submitted,<br><br>/s/ Amir R. Tahmassebi<br>Attorney for Plaintiff |

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 5, 2024**, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL** using this Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Amir R. Tahmassebi