UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FROST SOLUTIONS, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.: 1:22-cv-06910 |
| | ) | JURY DEMANDED |
| CORY MOORE, | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

NOW COMES the Plaintiff, FROST SOLUTIONS, LLC, by and through its attorneys, KONICEK & DILLON, P.C., and, as and for its Reply in Support of Its Motion to Compel, states as follows:

1. Moore, as he did in prior briefs, spends time in his response attempting to paint some picture of improper behavior delinquency on the part of Frost's counsel.

2. As an initial matter, Frost's counsel takes serious issue with the accusations that he was in some way combative or inappropriate at the initial meet and confer. Numerous demands and arbitrary deadlines were being made by Moore's counsel at the initial meet and confer and Frost's counsel merely responded that he would not be held to deadlines set by Moore and especially in light of the fact they have failed to produce any documents in response to Frost's requests. Frost's counsel maintains that unilateral deadlines by lawyers regarding discovery are not appropriate. In any event, counsel on both sides have long moved on from the initial meet and confer and have since worked relatively well together on discovery issues that could be resolved.

1

3. In addition, Moore implies Frost's counsel was unprepared for the April 2, 2024 meet and confer. What Moore does not tell this Court is that the April 2, 2024 meet and confer was scheduled at Frost's counsel request to address issues it had with Moore's response to Frost's latest production requests. There was no indication that Moore planned to address issues outside of that prior to the meet and confer. Despite this, Moore's counsel raised additional issues it had with Frost's discovery without any prior notice that they intended to discuss any of those issues. Frost's counsel did its best to address them without any advanced notice that they would be discussed.

4. Turning to the substance of the Motion to Compel. The cases cited by Moore are not applicable. Tellingly, Moore does not go into the facts of any of the cases cited.

5. First, *Robinson v. Moskus*, 491 F. Supp.3d 359, involved a suit brought by an inmate for an Eighth Amendment rights violation against a food service manager and internal affairs investigator affiliate with the correction facility where the inmate was located. The inmate moved to compel documents relating to other occurrences of sexual harassment and abuse at the Decatur Correction Facilities. *Id*. at 60. The inmate also moved to compel documents relating to other litigation the facility had relating to sexual harassment. *Id*. The Court ruled that the individual defendants would not be in the possession, custody or control or have the legal right to obtain those documents. This is inapposite to the issue *sub judice*. Frost is not seeking information relating to TAPCO's policies, litigation it was in or anything that applies just to TAPO. The requests made are only for correspondence that Moore created or received and tailored to issues in this dispute. It is difficult to comprehend how an email written or received by Moore cannot

be in his possession, custody or control. The circumstances here are a far cry from seeking information about claims against a correction facility from a food service employee.

6. Second, Moore cites *Trustees of Chicago Regional Council of Carpenter Pension Fund v. Drive Construction, Inc.*, 2022 WL 2237621 (N.D. ILL. 2022), which is also not applicable. In this case, Drive sought to obtain retainer agreements between a Law Firm that represented Drive and former employees of Drive that the Law Firm also represented. The Court acknowledged retainer agreements are not protected but found that retainer agreements relating to former employees were not in the control of the Plaintiff. This is nowhere near the situation before this Court. Again, Frost is seeking correspondence written and received by Moore.

7. Finally, Moore cites *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230 (1992), a case out of the Northern District of Indiana, which also does not serve as a basis to deny the motion. Burton Mechanical sought to compel Foreman to produce documents that Foreman claimed were not in his possession but that of his employer. Moore uses this case for the proposition that absent Frost coming forward with an affidavit or some other evidence that Moore had the correspondence in his custody, possession or control the Motion to Compel should be summarily denied. However, Moore fails to include the critical language from *Burton* that applies here. The *Burton* court notes that the requisite control was not apparent from Foreman's claimed status as an employee. Here, however, the documents sought were either authored or received by Moore. Unlike *Burton*, it is readily apparent that Moore's status as an employee of TAPCO gives him the requisite control to produce the sought after correspondence. Frost has met its burden and Moore has produced nothing from TAPCO limiting his disclosure of his emails while at TAPCO.

8. Moore has failed to cite a single case that supports its objection. Frost further notes that the issue of whether a party has a legal right to obtain the documents is "very fact specific". *Davis v. Gamesa Tech. Corp.*, NO. 08 C 4536, 2009 WL 3473391 at 2 (E.D. Pa. Oct. 20, 2009). A look at the facts before this Court makes it readily apparent that Moore has possession of and the legal right to his correspondence relating to former Frost customers that he has admitted to have contacted. This gamesmanship should end. Moore should be compelled to answer the production requests 6, 7, 8 and any other requests where Moore's correspondence while at TAPCO is responsive.[1]

9. As it relates to Request for Production Number 5, Moore's response is confusing. After going through all the reasons he should not have to produce documents evidencing commissions received, Moore states in the final paragraph that Moore does not and has not received commissions. If this is the case, Frost would request that this Court compel Moore to amend his answer to Production Request Number 5 to reflect this representation.

WHEREFORE, the Plaintiff, FROST SOLUTIONS, LLC, respectfully requests that this Honorable Court grant its Motion to Compel.

| | |
|---|---|
| Amir R. Tahmassebi (6287787)<br>KONICEK & DILLON, P.C.<br>70 W. Madison St., Suite 2060<br>Chicago, IL 60602<br>(T) 630.262.9655<br>amir@konicekdillonlaw.com | Respectfully submitted,<br><br>/s/ Amir R. Tahmassebi<br>Attorney for Plaintiff |

---

[1] Moore claims Frost has cited no case law to support an employee having to turn over emails written and received on its employer's domain. This is not the case because such a tenable position is not likely taken in these cases. Notably, Moore could not cite a case where a document written and received by a defendant was not subject to production.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 12, 2024**, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL** using this Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Amir R. Tahmassebi