**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FROST SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1: 22-cv-06910 |
| | ) | |
| CORY MOORE, | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel [ECF No. 73] ("Motion"). For the reasons discussed below, the Motion is denied.

**I.**

Plaintiff Frost Solutions, LLC ("Plaintiff" or "Frost Solutions") first seeks to compel Defendant Cory Moore ("Defendant" or "Moore") to produce emails from his email account at his new employer, TAPCO, LLC, that he sent to Plaintiff's current or former customers. Motion [ECF No. 73] at 1-4 (citing Plaintiff's Requests for Production Nos. 6, 7, and 8). Defendant objects that emails in TAPCO's account or server are not in his possession, custody or control. Defendant's Response to Plaintiff's Motion to Compel [ECF No. 76] ("Response") at 3-5. The Court agrees with Defendant. The Federal Rules of Civil Procedure require a party to produce to his opponent only documents that are in his possession, custody, or control, and Plaintiff has not shown the documents it is requesting from Moore are in this category.[1]

---

[1] Plaintiff requested both emails and correspondence from Defendant, but the parties focus on emails in their briefs. To the extent the documents are in the possession, custody, or control of TAPCO, the Court's analysis is the same.

Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED.R.CIV.P. 26(b)(1). Rule 34(a)(1)(A) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce [documents or electronically stored information] in the responding party's possession, custody, or control." FED.R.CIV.P. 34(a)(1)(A). "On the issue of control, 'the test is whether the party has a legal right to obtain [the evidence].'" *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 838–39 (7th Cir. 2014) (quoting *Dexia Credit Local v. Rogan,* 231 F.R.D. 538, 542 (N.D. Ill. 2004)). "The party seeking production of documents bears the burden of establishing the opposing party's control over them." *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2022 WL 2237621, at *2 (N.D. Ill. June 22, 2022).

Plaintiff argues Defendant must have "access" to his emails as a current employee of TAPCO. Motion [ECF No. 73] at 4. The issue is not whether Defendant has access to the emails but whether he has the legal right and ability to produce documents stored on TAPCO's email system. Plaintiff argues "Moore's status as an employee of TAPCO gives him the requisite control to produce the sought after correspondence," but this is nothing but Plaintiff's say-so. Reply [ECF No. 79] at 3. Plaintiff has not and apparently cannot make the requisite showing that Defendant has possession, custody, or control of the documents it is seeking.

In *Burton Mech. Contractors, Inc. v. Foreman*, the court rejected a similar argument, denying a plaintiff's motion to compel a defendant to produce his employer's documents where the plaintiff "has come forward with no affidavits or other evidence to dispute [the defendant's] assertion that he is not in possession or control, and does not have the legal right to obtain . . . documents which are in [his employer's] possession." The court in that case further reasoned that "[t]he requisite control is not apparent" from the defendant's status as an employee. 148 F.R.D. 230, 236 (N.D. Ind. 1992). That seems like a sound approach, and it also resolves the issue Plaintiff presents here.

Plaintiff attempts to distinguish *Burton* because the emails here were authored or received by Defendant, but that is a distinction without a legal difference. Plaintiff fails to explain why this means Defendant has any legal right to obtain from TAPCO the emails Plaintiff is asking Defendant to produce. To the contrary, common sense suggests that an employee cannot require his employer to search and produce emails stored in the employer's server in the ordinary course. To that end, the Seventh Circuit reasoned a party "did not have custody or control" where "they could not order [another entity] to surrender" documents to them. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426–27 (7th Cir. 1993) (internal citations omitted) (". . . [T]he fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite."); *see also* Response [ECF No. 76] at 4. Plaintiff has offered no evidence that Defendant has the legal right to obtain and produce to Plaintiff emails that Defendant sent using TAPCO's email account or server. Absent such evidence, Plaintiff cannot succeed on this aspect of its Motion.[2]

---

[2] Defendant's position is consistent with his approach in responding to Plaintiff's discovery, as Defendant agreed to produce emails covered by Plaintiff's requests for production that he sent that are not in TAPCO's account or server. Motion [ECF No. 73] at 1-4.

Plaintiff counters that TAPCO is not a stranger to this case as it participated in a settlement conference related to this litigation. Motion [ECF No. 73] at 4. That may be true, but it is beside the point and does not make TAPCO a party to this case. As a nonparty, TAPCO need not voluntarily make its documents available to Plaintiff.

At the end of the day, in the Court's view, this is an unnecessary dispute to go to the mat on. If the emails (or correspondence) Plaintiff is seeking are relevant to the claims or defenses in this case, and their production is proportional to the needs of the case, nothing prevented Plaintiff from seeking their production from TAPCO pursuant to Federal Rule of Civil Procedure 45. The Court wonders why Plaintiff did not proceed in that way when faced with Defendant's objection to its request that he produce the emails, even if Plaintiff believed Defendant's stance was wrong, instead of engaging in this metaphysical debate about whether Plaintiff has possession, custody, or control of those emails without any evidence that he does. In the Court's view, the ensuing motion practice was nothing more than a waste of time and money.

Accordingly, Plaintiff's Motion to compel production of emails sent by Defendant using TAPCO's email system is denied.

## II.

Plaintiff also seeks to compel Defendant to produce documents related to commissions Defendant received from 2021 to present. Motion [ECF No 73] at 4-5 (citing Request for Production No. 5 ("RFP No. 5")). During part of that time, Defendant was still employed by Plaintiff. Defendant responds that RFP No. 5 is overly broad, unduly burdensome and disproportionate to the needs of the case because commissions Defendant received while he was employed by Plaintiff are in Plaintiff's possession and, in any event, are not relevant to Plaintiff's alleged damages

4

for misappropriation of Plaintiff's trade secrets during Defendant's subsequent employment with TAPCO. [*Id.*] at 5-7.

In responding to RFP No. 5, Defendant also objected to the extent Plaintiff is seeking documents "in the possession, custody or control of a third party, such as TAPCO," or confidential or privileged documents, and Defendant ultimately stood on his objections. Motion [ECF No. 73] at 5. Defendant now says, however, that he has no documents responsive to Plaintiff's request for commissions he received from TAPCO because he has received no commission from TAPCO. Response at 7. Plaintiff then asks the Court to compel Defendant to amend his response to RFP No. 5 and state affirmatively that he has no responsive documents. Reply [ECF No. 79] at 4.[3]

It was not clear from Defendant's initial response to RFP No. 5 and his objections to it whether he was withholding documents related to commissions that he received from Plaintiff based on his objections that such documents were already in Plaintiff's possession or irrelevant. Rule 34(b)(2)(C) provides "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." FED.R.CIV.P. 34(b)(2)(C). Nevertheless, although Defendant's response to RFP No. 5 technically may be deficient, it does not appear that Plaintiff still is seeking to compel the production of documents relating to commissions Moore received from Plaintiff although they literally come within the purview of RFP No. 5. Plaintiff does not say it is requesting those documents from Defendant and Plaintiff does not address Defendant's arguments about the relevance of commissions he received while employed by Plaintiff in its Reply. In the Court's view, therefore, Plaintiff has

---

[3] Defendant also objects that Plaintiff failed to meet and confer regarding RFP No. 5. Response [ECF No. 76] at 5. The Court chooses to resolve the issue rather than send the parties back to meet and confer if Defendant is correct that did not already occur.

abandoned any request that the Court compel production of documents related to commissions Defendant received from Plaintiff.[4]

As to commissions Defendant may have received from TAPCO, Defendant now says he has received no such commissions. This differs from Defendant's response to RFP No. 5, in which Defendant stood on his objections to producing documents related to commissions he may have received from TAPCO.[5] Nevertheless, Defendant need not make any factual representation in a response to a request for production about whether he received commissions from TAPCO. He must either produce responsive documents or object to doing so for a legally valid reason. To that end, the Court finds Defendant's statement in his Response, filed after he responded to Defendant's written discovery request, that "there are no responsive documents" to the request for TAPCO commission, is sufficient. *See Crabtree v. Angie's List, Inc.*, 2017 WL 413242, at *5 (S.D. Ind. Jan. 31, 2017) ("Plaintiffs note in their response to this Motion that they have no documents responsive to this request. In its reply, Defendant contends that Plaintiffs should clarify and amend their discovery responses to clearly state they have no responsive documents. The Court finds that Plaintiffs' response to the Motion is sufficient . . .").

Accordingly, the Court denies Plaintiff's Motion to compel with respect to documents related to commissions Defendant received from TAPCO.

---

[4] For these reasons, the Court need not decide whether documents related to commissions Defendant received while he was employed at Plaintiff are relevant to Plaintiff's claimed damages, though the Court agrees with Defendant that they do not appear to be.

[5] *See Duncanson v. Wine & Canvas IP Holdings LLC*, 2018 WL 2723913, at *5 (S.D. Ind. Feb. 28, 2018) ("The plaintiff's supplemental response objects that the request is overbroad, vague, seeks irrelevant information, and . . . would constitute an undue burden. But her response opposing the defendants' motion to compel states that she has no responsive documents. These statements are inconsistent; a representation that there are no responsive documents requires a search for documents but the plaintiff complained that searching for the documents would be unduly burdensome.") (internal citations omitted).

III.

For all these reasons, Plaintiff's Motion to Compel [ECF No. 73] is denied.

Finally, Defendant requests that that the Court award him the attorney's fees he incurred responding to Plaintiff's Motion, Response at 7, presumably pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). Plaintiff did not respond to Defendant's request for fees. Before awarding fees under these circumstances, Rule 37(a)(5)(B) requires that a court give the unsuccessful movant the opportunity to be heard on the question. A fee award is mandatory under the Rule unless "the motion was substantially justified or other circumstances make an award of expenses unjust." FED.R.CIV.P. 37(a)(5)(B) ("If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party . . .who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").

If Defendant wishes to recover its attorney's fees (and expenses), incurred in responding to Plaintiff's Motion, it should file by August 19, 2024, a petition that includes an itemization of the attorney's fees and expenses it incurred in responding to Plaintiff's Motion, the names and experience level of the attorneys or paralegals who worked on the Response, their hourly rates and the amount of time spent on each billed task, and a description of the work performed that does not reveal attorney client privileged information. If Defendant files a petition in line with this Order, then Plaintiff shall respond to Defendant's petition by September 6, 2024. Defendant shall reply by September 20, 2024. The Court will consider awarding fees and expenses pursuant to Rule 37(a)(5)(B) against Plaintiff, its counsel, or both, and the parties should address that issue in their respective filings. The Court will rule via CM/ECF or set the matter for an in-court hearing and ruling.

7

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 30, 2024