IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC, | |
| Plaintiff, | CASE NO.: 1:22-CV-06910 |
| vs. | Hon. J. Martha M. Pacold |
| CORY MOORE, | Hon. Mag. J. Jeffrey T. Gilbert |
| Defendant. | Jury Demanded |

## PETITION FOR FEES

### INTRODUCTION

Moore is entitled to an award of the $27,265.00 attorneys' fees incurred to secure Frost's adherence to discovery. Moore attempted to avoid motion practice but was forced to file his Motion to Compel after months of unsuccessful attempts to obtain complete discovery responses. Moore's fees associated with his Motion to Compel are reasonable and represent the time spent seeking documents and information that are necessary to Moore's defense.

Similarly, Moore is entitled to the $9,651.00 in attorneys' fees incurred to respond to Frost's demands that he produce documents belonging to his third-party employer, TAPCO, and ultimately respond to Frost's Motion to Compel, which the Court deemed "an unnecessary dispute to go to the mat on." Moore was clear from the start that he did not have authority to produce documents belonging to TAPCO. Frost could have simply subpoenaed TAPCO but instead continued a meritless pursuit of Moore. Moore should be awarded all fees associated with the entirely unwarranted demands and motion to compel filed by Frost.

As such, the total award to Mr. Moore should be $36,916.00 ($27,265 for Moore's motion plus $9,651 for Frost's motion).

ARGUMENT

I. **An award of fees under FRCP Rule 37(a)(5)(C) is appropriate.**

   a. *Moore is entitled to fees and costs from Frost for fees incurred in bringing His Motion to Compel.*

Federal Rule of Civil Procedure 37(a)(5)(C) allows the court to award attorneys' fees and is intended to make the succeeding party on a discovery motion "as well off as if the opponent had respected his legal rights in the first place." *See Cage v. Harper*, 2020 WL 1248685 *9-10 (N.D. Ill. 2020). In its July 30, 2024 Order, Docket No. 84, this Court allowed Moore to seek its fees for the Court to consider in accordance with FRCP 37(a)(5)(C).

Moore's Motion was made necessary by Frost's months long failure to completely respond, or respond at all, even after being given an array of extensions. Specifically, between October 10, 2023 and March 8, 2024, Moore continuously sought Frost's complete discovery responses via correspondence, telephone conferences, and meet and confer discussions. (Declaration of Maria L. Kreiter in Support of Cory Moore's Petition for Fees ("Kreiter Decl."). at ¶ 4; *see also* summary provided at Moore Mot. to Compel Dkt. No. 69, at pg. 1-11.) Frost repeatedly refused to provide documents and supplement its interrogatory responses without adequate excuse, repeatedly missed agreed upon deadlines to supplement its responses, and made multiple requests to Moore to delay filing its Motion to Compel, which Moore agreed to until he no longer could continue to wait, only to again be ignored. (Kreiter Decl. ¶ 7; Dkt. No. 69 at pg. 1-11.) Enough was enough. The degree and duration of Frost's delay was extreme. After five months of attempting to resolve its discovery dispute without the need for motion practice, Moore was forced to file its Motion to Compel. Moore's Motion to Compel was not only justified, but necessary to obtain information essential for Moore to appropriately defend his

case. Moore should be awarded all fees incurred.

      b.  *Moore's fees and costs are reasonable.*

In determining whether the fees requested should be awarded, the reasonableness of attorneys' hourly rates and time spent on the motion to compel are considered. *See Bigfoot 4x4, Inc. v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A Hereto*, 2024 WL 1214749 (N.D. Ill. 2024). In addition, to determine the proper apportionment of expenses, courts will look at the relative degree of success of the party seeking fees. *See Id*. at *10; *see also Belcastro v. United Airlines, Inc.*, 2020 WL 1248343 *4 (N.D. Ill. 2020). Further, Seventh Circuit precedent points to whether a party has paid its attorneys' fees as "best evidence" of whether the attorneys' fees are reasonable. *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) ("The court concludes, in the same vein and consistent with circuit precedent, that the best evidence of whether attorney's fees are reasonable is whether a party has paid them.").

Here, Moore's attorneys' fees are reasonable and should be awarded in full. Of the sixteen discovery requests this Court was asked to resolve in Moore's Motion to Compel, ten were granted, four were denied, and two were moot. (*See* July 30, 2024 Order, Dkt. 84). Thus, most of the requests Moore sought to be resolved were granted by this Court, a factor that weighs in the favor of Moore's attorneys' fees being awarded.

The following attorneys billed time in connection with the multitude of meet and confer efforts that culminated in Moore's Motion to Compel:

3

| Attorney Timekeeper | Experience Level | 2023 Hourly Rate | 2024 Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Christie B. Carrino | Senior Associate | $490.00 | $530.00 | 32.3 | $16,927.00 |
| Bailey F. Groh Rasmussen | First Year Associate | $330.00 | $360.00 | 7.5 | $1,617.00 (*Not sought* listed here only for completeness) |
| Theresa M. Correa McMichen | First Year Associate | $330.00 | $360.00 | 7.8 | $2,808.00 |
| Maria L. Kreiter | Shareholder | $600.00 | $650.00 | 12 | $7,530.00 |
| Total Sought (not including Ms. Groh Rasmussen's fees): | | | | 59.6 | $27,265.00 |

(*See* Kreiter Decl., ¶¶ 9-17, Exhibit A). A general summary of each attorneys' specific involvement is as follows:

- <u>Christie Carrino</u>. Senior associate Christie Carrino performed most of the work associated with Moore's Motion to Compel and led the prior meet and confer efforts. Ms. Carrino's role involved communication with Frost regarding the discovery deficiencies, preparation of a multitude of meet and confer letters in effort to get Frost to adhere to its promises of responsive information, which Frost never followed through on for months, and preparation of the Motion to Compel and related filings. Ms. Carrino's efforts allowed for a majority of the fees incurred to be billed at her lower hourly rate, as opposed to Ms. Kreiter's shareholder rate, thus lowering the overall fees.

- <u>Bailey Groh Rasmussen</u>. First year associate Bailey Groh Rasmussen focused on the initial research and drafting related to the Motion to Compel briefing. The fees associated with Ms. Groh Rasmussen's services, while apt, are not sought by Mr. Moore given her more limited role in the case and to ensure Moore's request for fees is measured.

4

- <u>Theresa Correa McMichen</u>. First year associate Theresa Correa McMichen assumed Ms. Carrino's role when Ms. Carrino went on maternity leave. Given the timing of her involvement (when the motion had already been filed), Ms. Correa McMichen's focus was Moore's Reply Brief.

- <u>Maria Kreiter</u>. Shareholder Maria Kreiter is lead defense counsel. Her role related to review, revision, and oversight of tasks delegated to associates. The level of involvement for all associates and the one shareholder, and attorneys' fees incurred, in connection with Moore's Motion was appropriate and reasonable.

All fees sought relate to attempting to obtain the responses Moore sought in its Motion that it would not have had to pursue had Frost properly responded to Moore's discovery requests. For example, on December 22, 2023 and February 9, 2024, Ms. Carrino drafted and sent meet and confer correspondence to Frost's counsel outlining in detail the discovery deficiencies in Frost's discovery responses. (*Id*. at ¶ 5, Exhibit A). Had Frost adequately responded to Moore's discovery requests, Moore's counsel would not have spent time on the above detailed meet and confer correspondence and similar tasks to address Frost's deficiencies.

In total, Moore's counsel billed 59.6 hours and seeks $27,265.00, in connection with Moore's Motion to Compel and the multitude of efforts made to amicably secure discovery from Frost. (*See Id*. Exhibit A). These hours and fees do not include any time associated with preparation of Mr. Moore's fee petition or, as indicated above, the fees incurred for the services of Ms. Groh Rasmussen. All fees related to Moore's Motion to Compel and the preceding meet and confer efforts have been paid. (*Id*. at ¶ 18). Moore's fees are reasonable, and he should be awarded $27,265.00.

**II.     An award of fees under FRCP Rule 37(a)(5)(B) is appropriate.**

    *a. Moore is entitled to all fees and costs incurred in responding to Frost's meritless position that Moore was obligated to produce documents of TAPCO.*

Under Federal Rule of Civil Procedure 37(a)(5)(B), when a motion to compel is denied, the court *must* require the movant, the attorney filing the motion, or both, to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, unless the motion was substantially justified. (emphasis added). In its July 30, 2024 Order, Docket No. 85, this Court denied Frost's Motion to Compel. In doing so, the Court stated that Frost's motion "was nothing more than a waste of time and money." (July 30, 2024 Order, Dkt. 85, pg. 4). Clearly, Frost's motion was not substantially justified. In fact, Frost sought documents beyond the scope of what Moore could produce because the documents belonged to TAPCO, not Moore, and Moore told Frost just that at the outset in his written objections. (Moore Resp. to Req. for Production, Dkt. 73-3). Instead of pursuing responsive documents from TAPCO through a third-party subpoena, Frost continued to demand the documents from Moore. Frost's Motion was not only unjustified, but completely unnecessary. Accordingly, the award of Moore's fees incurred in opposing Frost's Motion should be awarded in full.

    *b. Moore's fees and costs are reasonable.*

Moore's attorneys' fees are reasonable and should be awarded in full. The following attorneys billed time in connection to Moore's Response to Frost's Motion to Compel:

| Attorney Timekeeper | Experience Level | 2023 Hourly Rate | 2024 Hourly Rate | Hours Billed | Total Fees |
|---|---|---|---|---|---|
| Christie B. Carrino | Senior Associate | $490.00 | $530.00 | 2.5 | $1,325.00 |
| Theresa M. Correa McMichen | First Year Associate | $330.00 | $360.00 | 15.4 | $5,076.00 |
| Maria L. Kreiter | Shareholder | $600.00 | $650.00 | 5 | $3,250.00 |
| | | | Total: | 22.9 | $9,651.00 |

(Kreiter Decl. ¶¶ 20-23, Exhibit B). A general summary of each attorneys' specific involvement

6

is as follows:

- <u>Christie Carrino</u>. Ms. Carrino analyzed Frost's Motion and created an outline for Moore's Response prior to going on maternity leave. This was necessary and appropriate given her long-time involvement in this case and knowledge of the discovery exchanged to date.

- <u>Theresa Correa McMichen</u>. Ms. Correa McMichen engaged in research in connection to Moore's Response, as well as drafting and preparation of the Response. Similar to Ms. Carrino's involvement in Moore's Motion to Compel, Ms. Correa McMichen's involvement in connection with Moore's Response as an associate allowed for a majority of the fees incurred to be billed at her lower hourly rate as opposed to Ms. Kreiter's shareholder rate, thus incurring lower costs.

- <u>Maria Kreiter</u>. Ms. Kreiter's role related to review, revision, and oversight of tasks delegated to associates as well as exchanges with Frost's counsel. The level of involvement for both associates and the one shareholder, and the attorneys' fees incurred, in connection with Moore's Response was appropriate and reasonable.

In total, Moore's counsel billed 22.9 hours and $9,651.00 in connection with responding to Frost's demands and preparing Moore's Response to Frost's Motion to Compel. (*Id.* at Exhibit B). All fees related to Moore's Response have been paid. (*Id*. at ¶ 24). Frost's Motion to Compel was denied and was not substantially justified. Additionally, Moore's fees are reasonable. Accordingly, under FRCP 37(a)(5)(B), the Court must award Moore's attorneys' fees incurred in connection to Moore's Response to Frost's denied Motion to Compel, and should award the amount requested in full, totaling $9,651.00.

## **CONCLUSION**

For the reasons set forth in this Petition, the Declaration of Maria L. Kreiter, and other

proceedings and documents filed in this matter, the Court should grant Moore's Petition for Fees and award $36,916.00.

Dated this 19th day of August, 2024.     By: */s/Theresa M. Correa McMichen*
Maria L. Kreiter, *admitted pro hac vice*
Christie B. Carrino, *admitted pro hac vice*
Theresa M. Correa McMichen, *admitted pro hac vice*
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
414-273-3500
mkreiter@gklaw.com
ccarrino@gklaw.com
tcorreamcmichen@gklaw.com

Erik J. Ives
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
312-224-1200
eives@foxswibel.com

*Attorneys for Defendant Cory Moore*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on August 19, 2024, she caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

*/s/Theresa M. Correa McMichen*
Theresa M. Correa McMichen