IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC, | |
| Plaintiff, | CASE NO.:  1:22-CV-06910 |
| vs. | Hon. J. Martha M. Pacold |
| CORY MOORE, | Hon. Mag. J. Jeffrey T. Gilbert |
| Defendant. | Jury Demanded |

## MOORE'S REPLY IN SUPPORT OF HIS PETITION FOR FEES

### INTRODUCTION

Moore is entitled to full fees. Frost did not address Moore's support for his Fee Petition head on or contest any of the fees or amounts themselves. Frost instead relitigates the merits of the parties' Motions to Compel in an attempt to show that its motion was not denied in full (it was) and to argue that the parties should just bear their own costs and fees since Frost did not act in bad faith (which is immaterial). Frost's positions are untenable under the law, the facts of this case, and the Court's own Orders on the Motions to Compel. Further, by not objecting to any of the work or amounts contained in Moore's Petition, Frost has waived that argument. The Court should award Moore the fees requested of $36,916.00.

### ARGUMENT

**I.     Moore is Entitled to All Fees Incurred Related to Frost's Motion to Compel**

Notwithstanding the Court's clear Order denying Frost's Motion to Compel (DKT 85), Frost argues the Court's own characterization of the Order in favor of Moore is incorrect, and that Frost actually prevailed on RFP 5, which sought documents related to any commissions Moore received. (Resp. Br. at 2-3.) While bold, this argument is without merit.

The Court made clear in its order that Frost abandoned its request as to any commissions received from Plaintiff, which the Court agreed were likely irrelevant. (DKT 85 at 5-6 and n. 4.) With regard to the portion of the request that would have sought documents related to any commissions received from TAPCO, the Court found that Moore "need not make any factual representation in a response to a request for production about whether he received commissions from TAPCO" and that the statement in its brief was sufficient. (*Id*. at 6.) On these bases, the Court denied Plaintiff's Motion to Compel as it related to RFP 5. (*Id*.)

Frost now argues that it had no way of knowing from reading Moore's response whether Moore possessed responsive documents, and so it was substantially justified in bringing the motion. (Resp. Br. at 3-4.) It further argues that under Rule 37(a)(5)(A) Moore's disclosure in his response brief requires fee shifting. (*Id*. at 3.) However, Frost never met and conferred with Moore on RFP 5. (*See* DKT 73-2, Frost's email to Moore regarding Discovery Deficiencies, which does not address RFP 5.) Frost simply moved on it. Thus, Moore's disclosure falls under the exceptions to Rule 37(a)(5)(A), which states "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." (Fed. R. Civ. P. 37(a)(5)(A)(i).) By failing to meet and confer, Frost failed to make a good faith attempt to obtain discovery on RFP 5 without court action. Thus, Frost is not entitled to fees under the Rule.

That makes sense and is equally applicable to whether Frost was substantially justified in moving on RFP 5. The purpose of a meet and confer is to narrow true issues for discovery motions. Indeed, a meet and confer was the remedy in *Gevas*, which Frost cites to argue his motion was justified. *Gevas v. Wexford Health Sources*, 2021 WL 5795308. Had Frost met and conferred on this issue, the lack of TAPCO commissions would have come to light before it filed its motion, as would the basis of Moore's other objections. Frost did not, and, as the Court noted, it was sufficient for Moore to alert Frost to this fact in its Response. These facts do not support

2

substantial justification as to Request 5, and for the same reason they do not support any discretionary basis for apportionment.

Nor was Frost substantially justified in bringing its Motion to Compel for RFPs 6-8, as they related to communications in TAPCO's rather than Moore's possession, custody, and control. TAPCO's "involvement" in this litigation is immaterial since TAPCO is not a party to this litigation. (DKT 85 at 4.) Furthermore, Moore's counsel made clear throughout the meet and confer process that Moore did not have a legal right to obtain documents from TAPCO's server and that those documents were in the possession, custody and control of TAPCO. While Frost may have wondered at the outset if TAPCO would allow Moore to produce its emails, Moore's counsel was clear Moore had no ability to do so. Frost nevertheless filed its motion to compel, rather than seeking the documents from TAPCO, which is an obvious option.

The Court agreed with all this and explicitly held Frost's actions were nothing more than a waste of time and money. The Court stated in full as follows:

> "this [was] an unnecessary dispute to go to the mat on. . . . [N]othing prevented Plaintiff from seeking their production from TAPCO pursuant to [Rule] 45. The Court wonders why Plaintiff did not proceed in that way . . . instead of engaging in this metaphysical debate about whether [Moore] has possession, custody, or control of those emails without any evidence that he does. **In the Court's view, the ensuing motion practice was nothing more than a waste of time and money.**"

(DKT 85 at 4 (emphasis added).) It is difficult to see how a motion that was a "waste of time and money" could be substantially justified.

And none of the case law Frost cites in its response to the Fee Petition can overcome the Court's previous ruling that such motion was, indeed, wholly *unjustified*. For example, in *Munive*, the party objecting to discovery was deemed to have possession, custody, and control of documents its counsel received in prior proceedings in which that party had intervened. *Munive v. Town of Cicero*, 2016 WL 8673072 *9-10 (N.D. Ill. 2016). Moore has never intervened in any

previous litigation in which Godfrey & Kahn would have had access to TAPCO's emails. Thus *Munive* is inapposite, as Frost admits. (Resp. Br. at 6.) Further, in *Dobbey* the party seeking the documents was a pro se prisoner, not a sophisticated company represented by counsel, as is the case here. *Dobbey v. Randle*, 2014 WL 1364428 (N.D. Ill. 2014). As such, the Court should grant Moore's Fee Petition in its entirety and award $9,651.00 as it relates to Frost's motion.

## II. Moore is Entitled to All Fees Incurred Related to His Motion to Compel

Frost also argues that Moore should not be entitled to fees on his Motion to Compel.

As a preliminary matter, Frost ignores that, while Rule 37(a)(5)(C) permits the Court to apportion fees, under Rule 37(a)(5), "there is generally a presumption that the loser pays." *Belcastro v. United Airlines, Inc.*, 2020 WL 1248343, at *4 (N.D. IL, Mar. 15, 2020). The idea that Moore should be denied fees entirely is contrary to the spirit of the Rule.

Yet, that is what Frost requests. Rather than provide the Court with arguments on what it believes a reasonable apportionment would be, Frost blanketly requests that all fees be denied since this is a complex case and the parties met and conferred, supplemented, and communicated on many occasions and Frost is not seeking fees on its motion. As a preliminary matter, Frost is not entitled to fees on his motion (see Section I, supra), so the fact he is not seeking them is immaterial. In addition, even if the case is complex (which Moore disputes), Moore's requests were not – they were clearly written and well-tailored to seek proportionate discovery on aspects of Frost's claims and Moore's defenses. It was Frost's discovery conduct that led to six months of meeting and conferring, deficient and indefensible responses, and missed deadlines. (See generally DKT 70-1 to 70-16, Exhibits to Christie Carrino's Declaration ISO Moore's Motion to Compel.) Indeed, Moore was required to move on 16 separate discovery requests after accommodating Frost's four requested extensions and numerous missed deadlines without

4

notice, and receiving only partial responses to many of the noted deficiencies that were simple, such as employee resignation dates. The Court agreed Moore should not have had to file a motion on these requests. (DKT 84 at 7.) These facts support the grant of full fees.

Frost's argument that an award of fees would be unjust is also not supported by any facts.[1] The foundation of Frost's argument is that Frost did not engage in bad faith during this process. However, bad faith is not the standard. None of the cases Frost cites hold that it is. Instead, Frost's cases stand for the idea that a party should not be allowed to frustrate discovery—which Frost has done. Frost's delay and half-hearted efforts in responding to Moore's discovery and addressing deficiencies exemplify why Rule 37 contains fee-shifting provisions. *See Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994) (holding Rule 37 fee shifting "curtails the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of the claims."). Furthermore, Frost ignores the unprofessional behavior of its own counsel on early meet and confer calls. (DKT 70, ¶ 16; DKT 70-7.) Frost should not be permitted to rewrite the story of its discovery conduct to avoid fees.

Finally, while the Court may issue discretion in apportioning fees, it should not here – for the same reasons discussed above, the facts do not warrant it. However, if the Court chooses to apportion fees, it should do so with regard to the relative success of the motion, which was granted as to 10 of the 16 discovery requests that Moore moved on. Moreover, Moore withdrew from the motion (and the Court subsequently denied as moot) 2 of the 4 requests after Frost provided sufficient responses after Moore filed his motion. Under Rule 37(a)(5)(A), Moore is

---

[1] Frost does not argue that its non-disclosure was substantially justified, and so that argument is waived. *See Zurich Capital Markets, Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1050 (N.D. Ill. 2005).

entitled to fees on these requests as well. And, the exception under 37(a)(5)(A)(i) does not apply since these requests, RFPs 19 and 22, were the subject of Moore's meet and confer efforts. (DKT 70-8, 70-12 and 70-15.)

Thus, to the extent the Court exercises its discretion to apportion Moore's fee request, it should consider that Moore was almost entirely successful on his own motion and was entirely successful on Frost's. Additionally, since Frost did not make any arguments as to the nature of the fees, rates, or time spent on various items, the Court should take that omission as a concession that the nature, rates and time spent were reasonable. *See, e.g., Bonte v. US Bank, NA*, 624 F.3d 461, 466 (7th Cir. 2010) (upholding District Court's holding that plaintiff conceded defendant's argument by failing to respond to it in briefing).

## CONCLUSION

For the reasons set forth in this Reply Brief, the Petition, the Declaration of Maria L. Kreiter, and other proceedings and documents filed in this matter, the Court should grant Moore's Petition for Fees and award $36,916.00.

| | |
|---|---|
| Dated this 20th day of September, 2024. | By: */s/ Christie B. Carrino*<br>Maria L. Kreiter, *admitted pro hac vice*<br>Christie B. Carrino, *admitted pro hac vice*<br>Theresa M. Correa McMichen, *admitted pro hac vice*<br>GODFREY & KAHN, S.C.<br>833 East Michigan Street, Suite 1800<br>Milwaukee, WI 53202-5615<br>414-273-3500<br>mkreiter@gklaw.com<br>ccarrino@gklaw.com<br>tcorreamcmichen@gklaw.com<br><br>Erik J. Ives<br>FOX SWIBEL LEVIN & CARROLL LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606<br>312-224-1200<br>eives@foxswibel.com<br><br>*Attorneys for Defendant Cory Moore* |

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that, on September 20, 2024, she caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

                                                */s/ Christie Carrino*
                                                Christie Carrino

31822087.2