IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>CORY MOORE and<br>TRAFFIC AND PARKING CONTROL CO., INC.,<br><br>        Defendants. | CASE NO.: 1:22-CV-06910<br><br>Hon. J. Martha M. Pacold<br><br>Hon. Mag. J. Jeffrey T. Gilbert<br><br>Jury Demanded |

### DEFENDANTS' OPPOSITION TO FROST'S MOTION FOR A SIXTY-DAY EXTENSION OF DISCOVERY DEADLINES

#### INTRODUCTION

Frost has had over two years to pursue discovery. Discovery closes October 15, 2024, and yet Frost waited until just recently to pursue third-party depositions and document subpoenas. Frost's third-party discovery is not going to be complete by October 15 but that is because Frost waited until the eve of the deadline. Moore nevertheless accommodated Frost by agreeing to a two-week extension, such that discovery would close November 1. That more measured extension would accommodate the third-party discovery Frost belatedly pursued because the last third-party deposition is set for October 25. Frost agreed. However, Moore's condition was that the depositions set in August for the week of October 7 proceed as planned, since they were within days and Moore and his counsel already invested time preparing for those depositions. Moore also revised Frost's draft motion to make clear that Frost was the party seeking an extension and Moore was accommodating Frost to avoid motion practice.

At that point, Frost indicated Moore's changes to the motion were not acceptable and that it would seek a sixty-day extension, which Moore would need to oppose. Moore cannot

keep litigating this case and accommodating Frost time after time, while Frost disregards Moore's interests entirely and ignores the Court's Orders.

As the latest example, Frost is woefully in violation of the Court's order granting Moore's motion to compel, which required Frost to cure its deficient document production no later than August 27, 2024. It turns out — when Frost belatedly disclosed its search efforts — that Frost ran certain key searches across only the documents it produced in a third-party lawsuit, did not search well known and key custodians, and used search terms that are not possibly reflective of a good faith effort to gather responsive documents. Frost indicated it would cure the deficiencies, but it still has not, even after Moore gave extra time and it is more than a month after the Court ordered deadline to supplement. Discovery needs to proceed to resolution immediately. Moore will stand by his amenability to an extension until November 1, 2024 but that extension should not involve Frost pursuing any discovery it has not already initiated, or that Moore has not already agreed to, or Frost amending its position or damages. Co-defendant Traffic and Parking Control Co., Inc. ("TAPCO"), Moore's employer, agrees and joins this motion.

## RELEVANT BACKGROUND

Frost filed its Complaint on December 8, 2022 – nearly two years ago. (Dkt. 1). In response, Moore filed his Motion to Dismiss on August 21, 2023. (Dkt. 44). The Parties began discovery on or around September 27, 2023. (Dkt. 67). After numerous delays and requests for extensions from Frost, Moore was forced to file a Motion to Compel on March 8, 2024 and, in response, Frost filed its own Motion to Compel on March 25, 2024. (Dkt. 68, 73). On July 30, 2024, the Court ruled on both Motions to Compel, granting Moore's motion

2

in part, and denying Frost's motion in full. (Dkt. 84, 85). Other than its unsuccessful Motion to Compel, Frost did very little to advance discovery. It was not until recently that Frost:

- Belatedly provided its search terms and custodians on September 9 (on the eve of the parties' status report in which Moore was going to report that Frost failed to make the disclosure as promised by the date Frost selected, September 3)

- Noticed a TAPCO Rule 30(b)(6) deposition – September 18

- Belatedly responded to Moore's September 6, 2024 Meet and Confer Letter on September 20, after Moore asked to know of any dispute by September 13 and did not receive so much as a courtesy response that date

- Notified Moore of its intention to depose third parties Patrick Baglien and Chris Lareau (September 23) and finally issued notices of deposition for the same – October 9

- Met and conferred with Moore via telephone to address and resolve its search deficiencies on October 3, after delaying and rescheduling the call first requested on September 20

- Issued a deposition subpoena to Brian Everard - October 3

- Issued third-party document subpoena to Vaisala Inc. – October 4

- Issued third-party document subpoena to Vue Robotics LLC – October 4

(Maria L. Kreiter Declaration ("Kreiter Decl.") ¶ 2.)

The Court ordered parties to identify fact witnesses they intended to depose in the September 10, 2024 joint status report. (Dkt 93). None of the above listed deponents were new to Frost. (*See* Dkt. 1). Nevertheless, Frost identified none of the depositions listed above in the September 10, 2024 joint status report and instead indicated only that it planned to depose Moore. (Dkt 100.) It is in this context that Frost requests the Court grant a 60-day deadline to accommodate their late-issued discovery.

3

ARGUMENT

Despite Moore's amenability to accommodate a modest discovery extension, Frost seeks 60 days to make discovery efforts it should have done, and had the ability to do, long ago. Frost should not be able to use its own dilatory conduct as a reason to advance the discovery deadline further when such request is not based on new information. Frost was well-aware of all entities and individuals it now seeks discovery from: TAPCO (Moore's employer who Frost has known employed Moore even prior to initiating this lawsuit); Vue Robotics (with which Frost is involved in a separate lawsuit regarding similar facts and circumstances); Patrick Baglien and Chris Lareau (Vue's principals); Vaisala (Moore's employer between Frost Control and TAPCO, which was known to Frost); and Brian Everard (a former TAPCO employee with whom Frost's principals were aware and spoke with even prior to initiating this lawsuit).

Frost offers no valid reason to extend the discovery deadline by 60-days.

In its Motion, Frost argues discovery should be extended because it planned to (and did) add a Defendant, TAPCO, Mr. Moore's current employer. (Dkt. 104, ¶ 12; Dkt. 105). TAPCO was mentioned in Frost's original complaint over two years ago, and Frost served third party discovery on TAPCO, which produced over 3,500 pages of documents. TAPCO's production has been complete for nearly a month and Frost has never issued a deficiency notice. (Kreiter Decl. ¶ 3.) Nothing about TAPCO and Moore's employer-employee relationship is new, and Frost has already obtained relevant discovery from TAPCO. Thus, the fact that Frost decided to add TAPCO as a defendant eight days before the close of discovery is a red herring and invalid reason to extend discovery. Further, TAPCO is ready to proceed and opposes the request for extension beyond November 1.

4

Frost also argues that because one of its five attorneys of record, Amir R. Tahmassebi, had a trial in a different matter extended to a second week, discovery should also be extended. (Dkt. 104, ¶ 13). This is of little to no consequence to the discovery efforts and is no reason for an extension. Frost has a bench of five attorneys actively involved in this matter, from two law firms. Additionally, the multiple attorneys for Frost from the Taft law firm have been the main point of contact for: responding to Moore's counsel regarding Frost's discovery deficiencies; authoring a response meet and confer letter; scheduling and attending meet and confer conferences; sending third-party subpoenas; sending responses to discovery requests; and taking and defending depositions. (*Id*. at ¶ 4.)

What Frost counsel believes Mr. Tahmassebi must do in the eight days before discovery closes that the other four attorneys cannot is conveniently omitted from Frost's motion, and, in any event, does not explain why Frost did not seek to undertake any of this discovery until only weeks ago. The already lengthy and expensive discovery in this case should not be prolonged to accommodate Frost when it could have been accomplished within the schedule ordered.

Further, Frost contends an extension is needed because Moore provided a copy of the documents received in response to his timely served third-party subpoenas on October 2. (Frost Br. at ¶ 10.) What Frost omits is that the documents Moore produced were those provided by the bank of Frost Controls (which Frost acquired) and Notre Dame, an entity with which Frost coordinated to purchase Frost Controls. (Kreiter Decl. ¶ 5.) The vast majority of the Notre Dame documents reflect correspondence with Frost's principals and have thus been in Frost's possession for years. (*Id*.) The only party who recently received a large volume of new information is Moore, not Frost. (*Id*.)

5

<u>Frost continues to obstruct Moore's discovery efforts even after this Court's Order granting Moore's Motion to Compel in part.</u>

Not only has Frost been dilatory in its affirmative discovery efforts but it has also continued to delay and obfuscate the discovery Moore has requested from Frost. Despite being compelled to produce documents at issue in Moore's Motion to Compel by August 27, 2024, Moore has since come to learn that Frost's original searches to locate these documents were wildly insufficient, including but not limited to the fact that Frost's principals were not custodians for key searches and other searches were run only over a set of documents produced in Frost's third-party litigation against Vue. (Kreiter Decl. ¶ 6.)

Further, while Frost responded to Moore's second set of discovery requests on time, it did not provide any documents or provide a date on which they would be produced. (*Id*. at ¶ 7.) In addition, Frost responded to Moore's additional interrogatories by reference to documents that it did not identify or provide a Bates range where Moore can find the referenced documents. (*Id*. ¶ 8.) Frost's responses to Moore's third set of requests for production are due next week and Moore has no confidence that those responses will be sufficient. (*Id*. ¶ 9.)

Further, Frost committed to curing its discovery deficiencies associated with Moore's first set of discovery that was subject to the Court's order compelling production by no later than August 27, 2024 by today, October 11, 2024, and has not done so. (*Id*. ¶ 10.) As such, Moore is the party severely prejudiced in terms of discovery, not Frost, including for the reason that Moore will likely have to file yet another motion to compel and yet again seek an award of attorney's fees if Frost does not immediately and comprehensively address all outstanding — and glaring — deficiencies. (*Id*.)

<u>Frost's moving target for this case's discovery deadline is disruptive, costly, and inappropriate.</u>

Further still, Moore learned for the first time at the 30(b)(6) deposition of Frost, held on October 9 — **four business days until the discovery deadline** — that Frost planned to assert additional damages beyond that which had been previously outlined in Frost's discovery. (*Id*. at ¶ 12). This is despite Frost's counsel confirming as recently as September 20, 2024 that the only damages Frost is seeking was on a damages spreadsheet previously provided in discovery. (*Id*. at ¶ 13).

If discovery is permitted to extend on and on, Moore fears that Frost will continue to engage in this type of behavior which will increase the time and cost associated with defending this case that was dismissed in full, with leave to re-plead. The time has come for discovery to be concluded – Frost, as the plaintiff, has had sufficient time to pursue discovery to prove its claims. Defendants should not be punished for Frost's ineffective and dilatory discovery strategy.

Instead, Defendants will accommodate an extension of discovery through and including November 1, to allow only the following depositions and document productions which were discussed between the parties:

1. October 18, 2024, 1:00 p.m. – Brian Everard

2. October 21, 2024, TAPCO 30(b)(6) (this date is still being negotiated due to the unexpected availability of TAPCO's witness on the originally noticed date of October 18)

3. October 25, 2024, 9:30 a.m. – Christopher Lareau (Vue)

4. October 25, 2024, 1:30 p.m. – Patrick Baglien (Vue)

5. Document subpoena served on Vaisala with a production date of October 18

6. Document subpoena served on Vue with a production date of October 18

7. Frost's response to Moore's timely served third set of discovery

8. Frost curing all open deficiencies associated with its discovery responses and document production

9. A continued deposition of Moore, if necessary, limited to questions based strictly on the documents produced by Frost Control's bank or Notre Dame

Under no circumstances should Frost be permitted to serve new discovery or amend its position, including the damages it disclosed and maintained and that were the subject of Moore's Rule 30(b)(6) deposition of Frost's designated representative taken just days before the close of discovery. Enough is enough.

## CONCLUSION

For the reasons stated above, the Court should deny Frost's motion for a sixty-day extension. If any extension is permitted, it should be limited as set forth above.

Dated this 11th day of October, 2024.   By: */s/ Christie B. Carrino*
Maria L. Kreiter, *admitted pro hac vice*
Christie B. Carrino, *admitted pro hac vice*
Theresa M. Correa McMichen, *admitted pro hac vice*
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
414-273-3500
mkreiter@gklaw.com
ccarrino@gklaw.com
tcorreamcmichen@gklaw.com

Erik J. Ives
FOX SWIBEL LEVIN & CARROLL LLP
200 W. Madison Street, Suite 3000
Chicago, IL 60606
312-224-1200
eives@foxswibel.com

*Attorneys for Defendants Cory Moore and Traffic and Parking Control Co., Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on October 11th, 2024, she caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

                                              */s/ Christie B. Carrino*
                                              Christie B. Carrino

31909216.6