IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FROST SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CORY MOORE and<br>TRAFFIC AND PARKING CONTROL CO., INC.,<br><br>    Defendants. | CASE NO.: 1:22-CV-06910<br><br>Hon. J. Martha M. Pacold<br><br>Hon. Mag. J. Jeffrey T. Gilbert<br><br>Jury Demanded |

**DECLARATION OF MARIA L. KREITER**
**IN SUPPORT OF DEFENDANTS' OPPOSITION TO FROST'S MOTION FOR A SIXTY-DAY EXTENSION OF DISCOVERY DEADLINES**

Maria L. Kreiter, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am lead defense counsel for Defendant Cory Moore ("Moore") and the newly joined Defendant, Traffic and Parking Control Co., Inc. ("TAPCO").

2. Other than its unsuccessful Motion to Compel, Frost did very little to advance discovery. It was not until recently that Frost:

- Belatedly provided its search terms and custodians on September 9 (on the eve of the parties' status report in which Moore was going to report that Frost failed to make the disclosure as promised by the date Frost selected, September 3)

- Noticed a TAPCO Rule 30(b)(6) deposition – September 18

- Belatedly responded to Moore's September 6, 2024 Meet and Confer Letter on September 20, after Moore asked to know of any dispute by September 13 and did not receive so much as a courtesy response that date

- Notified Moore of its intention to depose third parties Patrick Baglien and Chris Lareau (September 23) and finally issued notices of deposition for the same – October 9

1

- Met and conferred with Moore via telephone to address and resolve its search deficiencies on October 3, after delaying and rescheduling the call first requested on September 20

- Issued a deposition subpoena to Brian Everard - October 3

- Issued third-party document subpoena to Vaisala Inc. – October 4

- Issued third-party document subpoena to Vue Robotics LLC – October 4

3. TAPCO's production has been complete for nearly a month and Frost has never issued a deficiency notice.

4. Frost has five attorneys actively involved in this matter on its behalf, from two law firms. In fact, the four attorneys representing Frost from the Taft law firm have been the main point of contact for responding to Moore's counsel regarding Frost's discovery deficiencies; authoring a response meet and confer letter; scheduling and attending meet and confer conferences; sending third-party subpoenas; sending responses to discovery requests; and taking and defending depositions.

5. What Frost omits with respect to its argument that Moore recently provided a copy of documents produced in response to his timely served third-party subpoenas is that the documents Moore produced were those provided by the bank of Frost Controls (which Frost acquired) and Notre Dame, an entity with which Frost coordinated to purchase Frost Controls. The vast majority of the Notre Dame documents reflect correspondence with Frost's principals and have thus been in Frost's possession for years. Thus, the only party who recently received a large volume of new information is Moore, not Frost.

6. Despite being compelled to produce documents at issue in Moore's Motion to Compel by August 27, 2024, Moore has since come to learn that Frost's original searches to locate these documents were wildly insufficient, including but not limited to the fact that Frost's

2

principals were not custodians for key searches and other searches were run only over a set of documents produced in Frost's third-party litigation against Vue.

7. Further, while Frost responded to Moore's second set of discovery requests on time, it did not provide any documents or provide a date on which they would be produced.

8. In addition, Frost responded to Moore's additional interrogatories by reference to documents that it did not identify or provide a Bates range where Moore can find the referenced documents.

9. Frost's responses to Moore's third set of requests for production are due next week and Moore has no confidence that those responses will be sufficient.

10. Further, Frost committed to curing its discovery deficiencies associated with Moore's first set of discovery that was subject to the Court's order compelling production by no later than August 27, 2024 by today, October 11, 2024, and has not done so. As such, Moore is the party severely prejudiced in terms of discovery, not Frost, including for the reason that Moore will likely have to file yet another motion to compel and yet again seek an award of attorney's fees if Frost does not immediately and comprehensively address all outstanding — and glaring — deficiencies.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge this 11th day of October, 2024.

*/s/ Maria L. Kreiter*
*Maria L. Kreiter*

3

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that, on October 11th, 2024, she caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which is also served upon counsel for all parties of record.

                                      */s/ Christie B. Carrino*
                                      Christie B. Carrino

31932613.1