# EXHIBIT I

| | |
|---|---|
| **From:** | Carrino, Christie |
| **To:** | Morrell, Benjamin S.; Yoon, Yeoeun Claire; Oakley, James |
| **Cc:** | Rowden, Todd; Amir Tahmassebi; Correa McMichen, Theresa; Moore, Machaella; Kreiter, Maria |
| **Subject:** | RE: Frost v. Moore |
| **Date:** | Tuesday, October 15, 2024 7:48:41 AM |
| **Attachments:** | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image013.png |
| | image014.png |

Ben,

See the below items. I have copy-pasted the at-issue portions to this email body (with the exception of the relativity migration) and then have added my comments in Blue.

Regarding the Relativity migration, to make sure I understand, does this supplant the process you described in your 10/10 email, where you were manually bates labeling the documents? In addition, does it apply to any and all other productions of responsive documents made to address Frost's deficiencies and that are responsive to Moore's second and third set of discovery?

Besides these clarifying questions, the migration should not be occurring only now and not back in August when the motion to compel documents were ordered to be produced, or at least in the ensuing two months. As you know it has been over a month since we notified you of the still outstanding deficiencies in Frost's production following the Court's order compelling production. And it was over a month ago that we first raised issues with your search terms that you belatedly provided. Frost is already in violation of the Court's order on the motion to compel and these continued delays due to consistently deficient discovery planning and procedures on Frost's part is extremely prejudicial, and should have been avoided.

We expect that this migration be completed such that you will reproduce documents with bates labels and with complete families and produce the resulting documents from Search 2 run over Frost Control's custodian and any additional Request 10 documents (see below for more information) no later than Thursday by close of business.

> You will update your interrogatory responses to Rogs 3, 5, and 11 no later than October 10
> See attached. We will provide a verification next week.
> We are reviewing the responses. Please provide the verification.

> You will produce any additional responsive documents to Request 10 no later than October 10
> Please clarify what you mean by "Request 10."
> Request 10 to Moore's first set of RFPs. In your 9/20 letter, in response to the Request 10 deficiencies, you state that you are confirming whether there are additional responsive documents. On our meet and confer you said you believed there were and would produce them.

> You will provide a privilege log no later than October 10
> See attached. We will supplement as appropriate.
> We note that the only documents logged are from 2024. Please confirm by the end of the day that, to date, you have not reviewed any responsive documents that you maintain are privileged prior to this date.

> You will let us know the number of Frost Solutions employees by end of day today. As we discussed, if there are a small number of employees, our position is that each should be a custodian. If there are a large number, we can discuss the proper custodians. We reviewed the interrogatories and there is not a complete list of all Frost Solutions employees, so we would, at minimum require that Mike Kirsh, Mike Bott, anyone with a sales function and anyone with a customer service function be a custodian.

We provided this information on 10/4.

Based on titles, the custodians should be the following individuals: Michael Bott, Michael Kirsh, Emily Cooper, Laura Gill, Danielle (Elle) Emmer, JP Beierle, Bruce Oluseyi, David Parzanese, Thomas Farry, Michael Fallon, Mindy Joslin, Mark Faust, Brandon Celiz, David Schuster, Emily (Archer) Kavas, Antoinette Heath, Jolyma Jem Marayag, Eljay Aquino, and Rod Estrada

You will provide us with a hit report by end of day today so that we can identify any potentially problematic portions of the search that may be yielding false hits

We provided the hit report on 10/4.

- For all the terms other than Wyoming, Winnipeg, Washington, Redmond, Portage, Ottowa, Muskegon, Kent, Kalamazoo, Delaware, Concord, Champaign, Dublin, Framingham and Walker, we expect that those be run over the Frost Control and Frost Solutions custodians as soon as the migration is completed. This shouldn't need further negotiation since you did not identify them as problem searches.

- For the above listed terms, it appears that only Delaware, Muskegon, and Washington have a high number of unique hits. For these re propose the following searches
    - Delaware: (Delaware /10 (County OR Co OR Ohio OR OH))
    - Muskegon: (Muskegon /10 (County OR Co OR Michigan OR Mich OR MI)
    - Washington: (Washington /10 (County OR Co OR Minnesota OR MN))

    The other terms listed in bullet 1 should be searched by name only (without county or state) given there are not high unique hit counts for those remaining search terms.

**Christie Carrino** | Attorney (she/her)
414.287.9341 direct | CCarrino@gklaw.com



*This is a transmission from the law firm of Godfrey & Kahn, S.C. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at (414) 273-3500.*